GUSTAVUS S. BEAN *vs.* ARIEL S. AYERS & others.

Penobscot.    Opinion January 29, 1879.

*Declaration.    Amendment.    Repugnancy.    Demurrer.    Waiver.*

Where the declaration sets out a written promise according to its tenor, wherein the defendants promised the plaintiff that they would keep the property delivered to them "and return the same to him, or his order, or successor in office, or to any person lawfully authorized to receive the same, on demand" and closes with the allegation "whereby said defendants then and there became liable to return" said property to the plaintiff on demand, "and then and there promised so to do;" *Held,* that this is not repugnant to, nor inconsistent with, said promise or contract, and on special demurrer is a sufficient allegation of the promise.

After a special demurrer to the declaration in a writ is sustained by the court as being bad for one cause alone, and overruled as to others, and leave is granted to amend on the point, or cause, so adjudged bad, the only part of the declaration thereafter subject to new demurrer is the amended part.

ON EXCEPTIONS.    Assumpsit on a written contract set out in the plaintiff's amended declaration as follows :

"Also for that the said plaintiff was on the first day of August, A. D. 1872, and ever since has been a deputy sheriff of said County of Penobscot; that as deputy sheriff in and for said county, by virtue of seventeen certain writs dated," &c., returnable, &c., and "in which said writs the following named persons were plaintiffs; one in each writ respectively, and Daniel E. Ireland of," &c., "as also certain logs then in the Penobscot river in said county, marked NXVIIXI were defendants, viz :" &c. "He attached (1945) nineteen hundred and forty-five spruce and hemlock logs then in the Penobscot river, marked as aforesaid, as in said writs he was commanded to do, and took possession of the same, and thereafterwards, to wit : on the twenty-third day of August, 1872, at the request of the said defendants, he delivered to them, said Ayers, Babb, Pillsbury and Darling, the said logs so by him attached as aforesaid, and thereupon the said defendants executed under their hands and delivered to the plaintiff an agreement in words and figures as follows, to wit :

"Penobscot, ss.    August 23, 1872.    Received of G. S. Bean, deputy sheriff, the following described logs, which were attached by said Bean, by virtue of seventeen certain writs against Daniel

E. Ireland, and logs therein described, wherein said officer is especially commanded to attach certain logs in the Penobscot river marked NX.VIIXI, to wit : nineteen hundred and forty-five spruce and hemlock logs marked as aforesaid and of the value of nineteen hundred and forty-five dollars, whereon the plaintiffs in said writs claim each a lien for personal labor and services in cutting and hauling the same, which lien said writs were sued out to enforce."

The writs above referred to are all dated August 14th, 1872, returnable to the supreme judicial court next to be holden at Bangor, in and for the county of Penobscot, on the first Tuesday of October, A. D. 1872, and the names of the several plaintiffs therein, and the sums which said officer is in said writs severally commanded to attach by virtue thereof, are as follows, to wit :

" Writ in favor of John Sheridan, two hundred dollars ; E. B. Melvin, fifty dollars ; Henry Melvin, eighty dollars ; Silas Estes, one hundred and fifty dollars ; Charles Miller, one hundred dollars ; Mark Lombard, ninety dollars ; Nathan McGray, one hundred and fifty dollars ; George Pease, one hundred dollars ; Sheldon C. Ireland, one hundred dollars ; Ira Barker, one hundred and fifty dollars ; A. McPheters, one hundred dollars ; H. Peavy, one hundred and fifty dollars ; Henry Murphy, one hundred dollars ; A. Williams, one hundred dollars ; Wm. Pullen, one hundred dollars ; Wm. Bond, one hundred dollars ; James S. Dearborn, one hundred and twenty-five dollars.

" And we hereby (in consideration of one dollar paid to us by said officer) jointly and severally promise and agree to keep said property safely and return the same to him or to his order or successor in office, or to any person by law authorized to receive the same, on demand, in like good order as at present, free from expense to the officer or creditors, and we further jointly and severally agree that a demand on any one of us for said property shall be binding on the whole, and also agree that in case of any failure on our part to deliver said property when demanded, in good condition, that we will indemnify and save said officer harmless from all damage, loss, trouble and expense that may in any way accrue to him on account of such failure to deliver, reserving

the right to show that the plaintiffs above named have no lien on said logs, and that the same are not liable to attachment.

" [5 ct. U. S. Int. Rev. Stamp.   A. S. Ayers.]   A. S. Ayers, Andrew M. Babb, F. A. H. Pillsbury, J. O'B. Darling."

" Whereby said defendants then and there became liable to return said logs to said plaintiff on demand, or on failure so to do, to indemnify and save said plaintiff harmless from all damage, loss, trouble and expense that might accrue to him on account of such failure to deliver, and then and there promised so to do.   And the said plaintiff avers," &c.

At the April term, S. J. court, 1878, said amended declaration was filed and allowed, and thereupon the defendants demurred, and assigned the following causes :

I. The promise of said defendants set forth in said amended declaration as being merely " to return said logs to said plaintiff on demand, or on failure so to do, to indemnify " him as set forth, based upon, by direct reference to said defendants' alleged agreement therein previously recited and set forth in words, figures and signatures, as made by them, is inconsistent and repugnant with the terms of said agreement as therein previously recited, in this that the promise is not as alleged, but is, with other alternative terms, " to return the same (said logs) to him (plaintiff) or his order or successor in office, or to any person authorized by law to receive the same," on demand, and in case of failure to deliver said property, to indemnify and save him harmless.

II. The averment that said defendants then and ever since have neglected and refused to restore said logs "to the plaintiff or to any person authorized by law to receive the same," is insufficient to cover, negative and preclude the performance, and there is no averment of any breach of the other alternative terms of the agreement as recited therein, to wit : to return said logs to "his (plaintiff's) order, or successor in office," and is insufficient, inconsistent and repugnant, as an averment of a breach of said agreement, with the alternative terms pointed out as set forth in said defendants' agreement previously recited in words and figures in said declaration ; which demurrer was duly joined by the plaintiff.

The presiding judge overruled the demurrer and adjudged the declaration as amended, good; and the defendants alleged exceptions.

*L. Barker, T. W. Vose & L. A. Barker,* for the plaintiff.

*W. S. Clark & W. H. McCrillis,* for the defendants.

1. The first objection to the plaintiff's declaration specified in the demurrer, is the inconsistency and repugnance, upon the face of the declaration, as to the defendants' promise.

The averment as to the promise is, " to return said logs to said plaintiff on demand, or on failure so to do, to indemnify and save said plaintiff harmless," omitting wholly to declare or allege the alternative terms in the promise as set out in the agreement on the previous page, which are a material part of the promise, and which qualify and enlarge essentially the scope and substance of the promise, to wit : " or his order or successor in office, or any person by law authorized to receive the same."

The averment as to the promise, by direct reference to the agreement just previously recited, attempts to allege the defendants' promise in the agreement; but misstates it essentially, in the respects pointed out, in scope and substance. The effect of this is, plainly and obviously, an inconsistency and repugnance on the face of the declaration. 1 Chit. on Plead. (Am. ed.) 316.16 Gould's Plead. c. 111, § 182, 1 Saund. on Plead. & Ev. 121. *Tate* v. *Wellings,* 3 Term. R. 531. *Penny* v. *Porter,* 2 East. 2. *Howell* v. *Richards,* 11 East. 633. *White* v. *Wilson,* 2 Bos. & Pul. 116. *Connolly* v. *Cottle,* Breese. 286. *Mulford* v. *Bowlen,* 4 Halst, 315. *Miles* v. *Sherward,* 8 East. *Willoughby* v. *Raymond,* 4 Conn. 130. *Trask* v. *Duval,* 4 Wash. C. C. 97. *Stone* v. *Knowlton,* 3 Wend. 374. *Russell* v. *So. Britain,* 9 Conn. 508.

II. As to effect of repugnance and inconsistency. Stevens on Plead. 377. 1 Chit. on Plead. 255. Gould's Plead. c. 111 § 173-176. *Sibley* v. *Brown,* 4 Pick. 137.

III. The declaration does not sufficiently aver, or set forth any breach of the defendants' agreement. There is no averment that the logs have not been restored to the plaintiff's " successor in office." 1 Chit. on Plead. (Am. ed.) 342. *Murdock* v. *Caldwell,* 10 Allen, 299.

LIBBEY, J. This case has been before this court before on special demurrer to the declaration, which set out the written agreement of the defendants with the plaintiff in words and figures according to its tenor; and one of the causes of demurrer assigned was that the declaration contained no allegation of a promise by the defendants to do and perform the things stipulated in the agreement, according to its legal effect. The demurrer was sustained on the ground that the promise itself should be alleged, and not the evidence of it merely. The other causes assigned were overruled. *Bean* v. *Ayers,* 67 Maine, 482.

The plaintiff had leave to amend, and did amend, and thereupon the defendants filed a special demurrer to the declaration as amended, assigning two causes of demurrer.

The first cause assigned is as follows : " The promise of said defendants, set forth in said amended declaration as being merely " to return said logs to said plaintiff on demand, or on failure so to do, to indemnify " him as set forth, based upon, by direct reference to said defendants' alleged agreement therein previously recited and set forth in words, figures and signatures, as made by them, is inconsistent and repugnant with the terms of said agreement as therein previously recited, in this that the promise is not as alleged, but is, with other alternative terms, " to return the same (said logs) to him (plaintiff), or his order or successor in office, or to any person authorized by law to receive the same," on demand, and, in case of failure to deliver said property, to indemnify and save him harmless.

What would be a variance between the allegations in the declaration and the evidence produced to sustain them, is a repugnancy when such evidence is set out in the declaration, and there is a like variance between it and the allegations which follow it.

Is there a fatal variance between the promise evidenced by the written agreement and that alleged in the amended declaration ?

In *Fay* v. *Goulding,* 10 Pick. 122, the court held that in an action by the payee on a promissory note, alleged in the declaration to be payable to the plaintiff, and the note produced was payable to the plaintiff, or his order, there was no material variance.

In *Alvord* v. *Smith*, 5 Pick. 232, the action was upon a contract for the sale of a sixteenth part of a distillery, and the declaration alleged that the defendant promised to satisfy and discharge any arrearages which were then or might thereafter become due upon it. The evidence was of a promise to satisfy and discharge the arrearages, and to pay one hundred dollars. The court held that it was not a fatal variance. Parker, C. J., says : " A proof of a promise beyond what is averred, but embracing that also, cannot prejudice the defendant. It is not setting forth a different promise, but failing to set forth the whole, to the prejudice of the plaintiff only. It is in this respect like an action of covenant, in which, though there are many covenants, the plaintiff may sue for the breach of one. *Non constat* that the other branch of the promise has not been performed."

In *Bank* v. *McKenney*, 67 Maine, 272, this court held that, when, in an action against one of several signers of a promissory note or contract, the declaration describes it as made by the defendant alone, there is no variance. See cases there cited.

So in an action by A, as treasurer of a corporation, on a note made payable to him, or his successor in office, the promise may well be alleged as made to the plaintiff. It is necessary to allege the promise to pay to the successor in office of the promisee, only when the action is brought in the name of such successor.

Applying these rules to the point under consideration, we think there is no repugnancy in the declaration. The action is brought by the promisee. The contract is set out according to its tenor, followed by the allegation that the defendants thereby became liable to deliver said logs to the plaintiff, on demand, and then and there promised so to do. This allegation is not repugnant to the promise contained in the contract. By the contract the plaintiff had the right to require the defendants to deliver the logs to him on demand. The allegation contradicts nothing contained in the contract. It is all that is necessary to show the plaintiff's right to recover. True, it is not alleged that the defendants thereby promised to deliver the logs to the plaintiff, or his order, or his successor in office, or to any person authorized by law to receive the same ; but the answer is that no claim is asserted by

any person other than the plaintiff. To show the plaintiff's right to recover, it is no more necessary to notice this part of the promise than it is to allege the promise as made to the plaintiff or his order, in an action by the payee on a promissory note.

The second cause of demurrer assigned, is the want of proper averment of demand, and refusal by the defendants to deliver the logs. The declaration in this respect is precisely the same as it was at the time of the former special demurrer. The cause of demurrer now assigned was not then assigned, nor was it presented to the consideration of the court. *Bean* v. *Ayers, supra.* By not then assigning it as cause of special demurrer, or relying upon it as ground of general demurrer, the defendants waived any right of objection for that cause, to the same extent as if they had pleaded over instead of demurring. Gould's Plead. c. 9. part 1. §§ 21 & 22. Otherwise if there are several defects in form, in the declaration, the defendant might have as many special demurrers as there are defects, pointing out only one defect at a time, thus unnecessarily protracting litigation, and unjustly enhancing the costs.

We think the only causes of demurrer which can be assigned, or relied upon, in the second demurrer, are such as appear by the amendment.

The docket entry shows that the plaintiff's amendment was filed at the April term, 1878, and that the demurrer was filed at the same term; and the same facts are asserted in the exceptions. The demurrer being to the amendment, and having been filed at the term when the amendment was made, must be regarded as made at the first term. The defendants have the right to plead anew on payment of costs from the time of filing the demurrer.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.