GEORGE F. PLAISTED *vs.* WILSON M. WALKER.

York. Opinion August 6, 1885.

*Practice. Demurrer. Amendment. Apothecary. R. S., c. 28.*

At the first term the defendant demurred specially to the declaration which contained but one count. The demurrer was sustained, the declaration was adjudged bad and no exception was taken. Under leave to amend the plaintiff

filed fifty-two new counts which were allowed, and the defendant filed a new special demurrer. *Held:*

1. That the adjudication upon the first demurrer was final and conclusive as to the original count.

2. That the court had power to allow the amendment.

3. That the second demurrer applied to the new counts only.

An action of debt provided by R. S., c. 28, against one for engaging in the business of an apothecary, without having been granted a certificate and registration by the commissioners of pharmacy, is a local action, and the declaration must allege that the defendant thus engaged in such business for one week in some place in the county in which the action is brought.

ON exception to the ruling of the court, in overruling the second demurrer mentioned in the head note.

The writ was dated February 25, 1884. *Ad damnum* $10,000.

[Original declaration.]

"In a plea of debt for that the said defendant at said York, on the first day of January, 1879, and on diverse days and times since said date and continuously hitherto, did engage in and carry on the business of an apothecary, and the said defendant was not then and there first examined by the commissioners of pharmacy for the state of Maine, and then and there did not first present to the said commissioners satisfactory evidence that he had been an apprentice, or that he had been employed in an apothecary store where physicians' prescriptions were compounded, at least three years, or that he had graduated from some regularly established medical school or college of pharmacy, and that he was competent for the business, and the said commissioners then and there did not first grant to him the certificate and registration required by law, and the said defendant then and there was not a physician putting up his own prescriptions and then and there the sales made by said defendant in the course of the said business were other than sales of proprietary medicines, and the said defendant was not engaged in said business on the ninth day of February, 1877, nor within thirty days of the date of the dissolution of the session of the legislature for the year 1877, contrary to the form of the statute in this case made and provided, whereby an action hath accrued to the plaintiff to have and recover to his own use the sum of fifty

dollars for each week since said first day of January, 1879, during which the defendant did so continue in such business which the plaintiff avers was for and during each and every week since said last mentioned date hitherto.

"Yet the said defendant, though requested, has not paid the same, but neglects so to do."

[One of the fifty-two new counts of the amended declaration.]

"Also for that said defendant, at said York, on the 25th day of February, 1883, did engage in and carry on the business of an apothecary, then and there, not having been granted a certificate and registration by the commissioners of pharmacy, as provided by law, and not having been engaged in said business on the eleventh day of March, 1877, and not being a physician putting up his own prescriptions, and said business being other than the sale of proprietary medicines, and did continue so to engage in and carry on said business for and during the week beginning on the day first above mentioned and ending on the third day of March, 1883, contrary to the form of the statute in this case made and provided, whereby an action hath accrued to the plaintiff to have and recover to his own use the sum of fifty dollars."

*G. C. Yeaton*, for the plaintiff.

*S. C. Strout*, *H. W. Gage* and *F. S. Strout*, for the defendant.

LIBBEY, J. The declaration originally contained one count to which the defendant demurred specially at the first term. The demurrer was sustained and the declaration adjudged bad, and no exception was taken. This adjudication is final and conclusive as to that count. R. S., c. 82, § 23.

The plaintiff had leave to amend and filed fifty-two new counts. Exceptions were taken to the allowance of these amendments, but we think the court had power to allow them. The original count was not amended. The defendant again filed a special demurrer. It must be confined to the new counts. *Bean v. Ayers*, 69 Maine, 122.

The new counts are all alike except as to the time covered by each. The action is brought to recover the penalties alleged to have been incurred by the defendant for violation of the act of 1877, c. 204 (R. S., c. 28). By R. S., c. 81, § 14, the action is local and the declaration must allege that the offence was committed in the county where it is brought. The penalty is incurred by engaging and continuing in the business of an apothecary one week. The declaration should allege that the defendant continued the business at some place in the county of York at least one week. This is material and cannot be left to inference. The new counts do not so allege. They merely allege that the defendant "at said York, did engage in and carry on the business of an apothecary, then and there not having been granted a certificate and registration by the commissioners of pharmacy . . . and did continue so to engage in and carry on said business for and during the week," &c. Here is no allegation that the defendant continued to carry on the business at said York for the week named. The word "so" must be held to refer to the *manner* of carrying on the business, and not to the *place* where it was carried on. For this reason the declaration is bad.

Other questions are raised by the demurrer, but we do not deem it necessary nor important to consider them.

Whether the furtherance of justice will require that the plaintiff shall be allowed to further amend his declaration, if he shall ask it, must be determined by the court at *nisi prius*.

*Exceptions sustained.    Demurrer sustained.*
*Declaration bad.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.