ALONZO P. OAKES, Admr.,

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Penobscot.    Opinion February 28, 1901.

*Death.   Damages.   Stat. 1891, c. 124.*

In an action under statute of 1891, c. 124, to recover damages for the death of a person "caused by the wrongful act, neglect or default" of another, the earning capacity of the deceased, including not only physical ability to labor, but the probabilities of obtaining profitable employment, is an element to be considered in estimating damages.

The deceased had been by trade a milliner.   *Held;* that evidence of the wages received by her when last so employed was properly admitted as tending to show an ability and capacity on her part to obtain continuous profitable employment.

Under this statute the damages cannot be punitive; neither can they be given for the physical pain and suffering of the deceased or the grief and sorrow of the beneficiary.   The sum given must be the present worth of the future pecuniary benefits of which the beneficiary has been deprived by the wrongful act, neglect or default of the defendant.

On motion and exceptions by defendant.    Motion sustained.

Exceptions overruled.

Action ·to recover damages for death of the plaintiff's intestate under Stat. of 1891, c. 124, for the exclusive benefit of Roland E. Oakes, son of the deceased mother.

The action was defaulted and the case submitted to the jury for the assessment of damages.    The jury returned a verdict for the plaintiff for $3500.

*W. B. Peirce and Hugo Clark*, for plaintiff.

Exceptions: *Hall* v. *Galveston, etc. R. R. Co.*, 39 Fed. Rep. 18; *Dickenson* v. *Fitchburg*, 13 Gray, 546; *Fowler* v. *Co. Com.* 6 Allen, 92; *Kent* v. *Whitney*, 9 Allen, 62, 63; *Wyman* v. *Lexington, etc. R. R. Co.*, 13 Met. 316, 326.

Damages: *McKay* v. *N. E. Dredging Co.*, 93 Maine, 201; *Chicago* v. *Mayor*, 18 Ill. 349; *Houghkirk* v. *Del. & Hud. Can. Co.*, 92 N. Y. 219–225.

*C. F. Woodard*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

POWERS, J.   Action under the statute of 1891, c. 124, for the exclusive benefit of Roland E. Oakes the child of plaintiff's intestate.

First.   Defendant excepts to the admission of the testimony of Mrs. Clark as to the amount of wages which the deceased was receiving when employed as a milliner some eleven years before her death.

The damages in this class of cases can never be the subject of precise mathematical demonstration or calculation.   They are based upon the probabilities of the future which can only be shown by the facts of the past.   Evidence is received in regard to many matters which in other actions for personal injuries are irrelevant or immaterial.   The age, health, occupation, means, habits, capacity, education, temperament, character and other similar facts relating to the deceased, were admissible as tending to show her probable pecuniary usefulness to the beneficiary.   The earning capacity of the deceased was an important consideration, and this necessarily included not only her physical ability to labor, but the probabilities of her being able to obtain profitable employment.   She was a milliner, and the spring and fall immediately preceding her marriage worked at her trade for Mrs. Clark.   After her marriage from time to time she did some millinery work at her own home, but her labor for Mrs. Clark was her last employment

at weekly wages. Shortly before her death she had had an offer of employment in a millinery shop which she declined, as she did not want to leave her child, and it does not appear that at this time the amount of wages was named. She was in good health, and there was some reason to believe that she might survive her husband. In that event there was a probability, more or less strong, that she might seek by her former trade to gain a livelihood for herself and the beneficiary. Evidence of the wages she received the last time she was employed at that trade was properly admitted as tending to show whether such an effort, if made, would be successful; not as a direct basis for computing her earnings, or the value of her life at so much per week; but as showing an ability and capacity on her part to obtain continuous, profitable employment, should she be deprived of the help of her husband and thrown upon her own resources for the support of herself and her child.

Second. The jury returned a verdict for $3500, and the defendant claims that the damages are excessive.

The principles applicable to the assessment of damages in this class of cases have been so fully and recently set forth by this court in *McKay* v. *New England Dredging Co.*, 92 Maine, 454, that it is unnecessary to repeat them here. The beneficiary was a healthy child five years old at the time of his mother's death. His father, thirty-four years old, is living, but in poor health and only able to work a part of the time. The deceased was thirty-five years of age, in good health, a good milliner, a prudent and industrious woman and affectionate mother, possessing a fair education. The expectancy of life of herself and the beneficiary, the probability of her surviving her husband and being the sole support of her child, the length of time that might reasonably be expected to elapse before the boy would be able to help his mother and care for himself, the possibility that in time she in her turn might become dependent upon him for her support, the loss of a mother's training and good influence which would tend to make him a better man and capable of acquiring more money,—all these are proper considerations in determining the amount of the pecuniary injury resulting to the

beneficiary. The damages, however, under this statute cannot be punitive; neither can they be given for the physical pain and suffering of the deceased or the grief and sorrow of the child and husband who survive. Moreover, the sum given must be the present worth of the future pecuniary benefits of which the beneficiary has been deprived by the wrongful act, neglect, or default of the defendant. Without here stating in detail the probabilities, or going into an analysis of the evidence, we are of the opinion that the verdict in this case is clearly excessive. We appreciate the difficulties attending the assessment of damages in this class of cases, and the respect due to the judgment of the jury. Yet there is a limit more than which would be plainly excessive, and beyond which we think reasonable and unprejudiced men would not go.

> *Exceptions overruled.*
>
> *New trial granted unless plaintiff will remit all above $2500 within thirty days after filing of the rescript.*