CHARLES S. WILLIAMS, Admr., *vs.* ERNEST T. HOYT.

York.    Opinion December 31, 1917.

*Action under R. S., 1916, Chap. 92, Sec. 9.   Damages recoverable under this form of action.   Method of computing and what can be considered in fixing damages. Rule where parents die pending the action.*

This is an action under Sec. 9, Chap. 92, R. S., 1916, for the benefit of the father and mother of Harry L. Williams who was negligently killed by the defendant. The case is before the court on report.

Defendant's guilt was established as the result of an offer of reward made by the plaintiff.   After he was bound over to the grand jury and before trial in the upper court, the defendant paid the plaintiff $300. the amount of the reward, and the defendant claims said payment was made and accepted in full settlement of his civil liability.

*Held:*

1. The payment was intended to reimburse the plaintiff for the reward and to placate the family of the deceased with a view of mitigating defendant's punishment, and is no bar to this action.

2. The rights of the beneficiaries vest as of the time of death, and the amount recoverable is not lessened by the fact that the mother died pendente lite.

3. Funeral expenses are not recoverable, but simply the estimated amount of future pecuniary assistance the deceased would have been to his beneficiaries.

4. Deceased was nearly sixteen years of age, bright, active, studious, thrifty, healthy, industrious and kind to his parents.   We estimate the damages at fifteen hundred dollars.

Action on the case brought under R. S., 1916, Chap. 92, Sec. 9, to recover damages for the negligent killing of plaintiff's intestate. Defendant filed plea of general issue and also brief statement, setting forth that payment had been made in settlement of the claim prior to the bringing of the suit.    At close of testimony case was reported to Law Court for determination upon so much of the evidence as legally admissible.    Judgment in accordance with opinion.

Case stated in opinion.

*E. P. Spinney,* for plaintiff.

*Aaron B. Cole,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

MADIGAN, J. This is an action under Sec. 9, Chap. 92, R. S., 1916, for the benefit of the father and mother of Harry L. Williams, who was instantly killed by the defendant, and is before the Law Court on report. The deceased was shot while hunting, and the defendant, well knowing that the accident was due solely to his negligence and carelessness, to the family of the deceased and at the inquest, denied all knowledge of the matter. Despairing of otherwise learning the truth the father of the deceased offered a reward of $300. and as a result obtained evidence to establish defendant's guilt and finally secured his acknowledgment of the same. The defendant pleaded guilty in the lower court, was bound over to the grand jury, convicted and sentenced. The day after he pleaded guilty in the lower court, the defendant, and his father and mother, interviewed the father of the deceased and paid the latter $300. The defense urges that this payment was made and accepted in full settlement and satisfaction of the damages sought to be recovered in this action, and the plaintiff contends that it was to reimburse Charles Williams for the amount of the reward and that the defendant and his relatives were influenced simply by a desire to placate the family of the deceased, and thereby lessen defendant's punishment.

While the beneficiaries might have thus settled and thereby barred this action the evidence fully satisfies us that they did not do so. This conclusion must at one time have been shared by the defendant since his attorney wrote the father demanding the $300. on the ground that it was paid and received without consideration.

The principles to be followed in the assessment of damages, which is the only question remaining, are stated in *McKay, Admr.,* v. *New England Dredging Co.,* 92 Maine, 454, viz: "The injury occasioned by such death must be wholly to the beneficiaries named in the statute, and the damages to be recovered for such injury are limited to the pecuniary effect of the death upon them. It is not essential to the right of the beneficiaries to recover damages for such death, that they should have had any legal claim against or upon the deceased. Wherever there exists a reasonable probability of pecuniary benefit to one from the continuing life of another, however arising, the untimely extinction of that life is a pecuniary injury. In estimating the amount

which shall be the 'fair and just compensation' for such injury provided by the statute, the various circumstances of the beneficiaries and the deceased and the relations between them are to be ascertained; the certainties, probabilities and even possibilities of the future are to be considered; and from these data the amount of the compensation is to be estimated by a careful calculation of what would have been the reasonably probable pecuniary benefit to the survivor from the continued life of the deceased."

The mother died pendente lite. That does not affect the result in this case. The rights of beneficiaries vest as of the time of the death, not as of the time of bringing suit or of recovery.

Recovery cannot be had for funeral expenses, but simply for estimated amount of future financial assistance. The deceased was fifteen years, eleven months and fifteen days old, energetic, industrious and kind to his parents. He was a student at the academy, earning while attending school, about $2. a week besides assisting his mother about the house. In the summer time he earned on the golf links $30. a month and his dinners and suppers. The year previous to his death he earned and brought home $125. Living at home his earnings would, in a large measure, if not entirely, during his school life, be off-set by his board and sustenance. Had he entered college he could not, during his minority, have been of any pecuniary assistance to his father. On the other hand if he went to work, after finishing the academy, or at once, his surplus earnings after deducting his necessary personal expenses could not be large as he was too young to have received such training as would command a large salary, and the wages of a day laborer, or a beginner in mercantile pursuits, would not be large.

The amount of the pecuniary benefit he would be to his father after arriving at his majority is no easier to determine. Probabilities of marriage, sickness, personal responsibilities and the vicissitudes of life all must be considered. At best it is entirely a matter of conjecture. We feel that the pecuniary loss to the parent under the rules above given, for a boy of this kind, sixteen years of age, should be $1500.