RAYMOND TIBBETTS *vs.* DR. D. P. ORDWAY PLASTER COMPANY.

Knox.     Opinion November 9, 1918.

*Rule of practice where demurrer is filed.     Right of court to allow plaintiff to amend after filing of demurrer.     When an amendment must be filed.     Rule of court.*
*Failure to file amendment according to rule of court.*

Writ entered at September term, 1917, and general demurrer to the declaration filed at that term.   At the next or January term, 1918, hearing was had on the demurrer, the demurrer was sustained and the plaintiff was given leave to amend.   At the next or April term, 1918, the plaintiff filed an amendment which was allowed.

On exceptions to this ruling it is

*Held:*

1.   That as no exceptions were taken at the January term to the decision of the presiding Justice sustaining the demurrer and granting the plaintiff leave to amend, his ruling was final.

2.   When the decision is made by the presiding Justice and no exceptions are taken the statute is silent as to the time when the amendment shall be filed, the language being: "If the declaration is adjudged defective and is amendable, the plaintiff may amend upon payment of costs from the time when the demurrer is filed."  R. S., Chap. 87, Sec. 36.

3.   This omission however is supplied by Rule of Court No. VIII, which has the force of a statute, and requires the amendment to be filed by the middle of vacation after the term when the order is made, and if the plaintiff neglects to do this judgment of nonsuit shall be entered unless the court for good cause shown shall allow further time.

4.   The amendment in this case should have been filed by the middle of vacation after the January term and being filed at the April term came too late.   As no further time was asked for or allowed by the court, the entry of nonsuit should have been made.

Exceptions to ruling of court allowing amendment to plaintiff's writ.   Exceptions sustained.

Case stated in opinion.

*O. H. Emery*, for plaintiff.

*J. H. Montgomery*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, JJ.

CORNISH, C. J.    On exceptions by defendant to the allowance of an amendment to the plaintiff's declaration.    The writ in question was entered at the September term, 1917, of the Supreme Judicial Court for Knox County.    At that term the defendant filed a general demurrer to the declaration.    Hearing was had on this demurrer at the next or January term, 1918, the demurrer was sustained and the plaintiff was given leave to amend, the docket entry being, "Demurrer sustained, plaintiff allowed to amend."    No exceptions were taken by the plaintiff to this ruling.    At the April term following, the plaintiff filed an amendment which was allowed by the presiding Justice. To this ruling the defendant excepts on two grounds:    First, because no exceptions were taken to the ruling of the Justice sustaining the demurrer at the January term and no amendment was then offered and filed; and second, because the amendment allowed at the April term was wholly new and inconsistent with the declaration, introducing not an amendment but a new cause of action.

It is necessary to consider only the first ground.    This involves the construction of R. S., Chap. 87, Sec. 36.    So much of that section as pertains to the point under consideration reads as follows:

"A general demurrer to the declaration may be filed,    .    .    .    but the Justice shall rule on it and his ruling shall be final unless the party aggrieved excepts; and before exceptions are filed and allowed he has the same power as the full Court to allow the plaintiff to amend or the defendant to plea anew.    .    .    .    If the declaration is adjudged defective and is amendable the plaintiff may amend upon payment of costs from the time when the demurrer was filed."

The defendant's contention is that under this statute only the Justice who hears and determines the demurrer can allow an amendment and it is not within the power of a Justice at a subsequent term so to do; that the amendment must be filed and allowed at the same term as the decision on the demurrer is rendered or not at all.

We do not think this is the true interpretation of the language of the statute, and the history of the legislation on this point is both interesting and illuminating.

The original act regulating proceedings on demurrer and permitting amendments in order to mitigate the severity of common law pleading was Chap. 211 of Public Laws of 1856.    This act contemplated that

the decision on both points should be made by the Law Court and if the leave to amend was granted it should be only upon the payment of the defendant's costs from the time of filing the demurrer until the decision of the Law Court thereon, the action in the meantime being continued on the nisi prius docket to await the determination of the higher court.

This was enlarged the next year by conferring upon the presiding Justice the power to pass upon the demurrer, viz: "Whenever a demurrer shall be filed and joined the presiding Justice shall rule thereon and the ruling shall be final, unless the party aggrieved shall except to such ruling." Public Laws 1857, Chap. 55, Sec. 3. The provisions of these two statutes were incorporated in the revision of 1857 as Chap. 82, Sec. 19. But the power of granting leave to amend was still reserved to the Law Court. In 1859 however, this power was also conferred upon the presiding Justice before exceptions were filed and allowed, viz: "In all cases of general demurrer to the declaration after the presiding Judge shall rule on the demurrer and before exception filed and allowed, he shall have the same power to allow the plaintiff to amend or the defendant to plead anew that the full Court has by section nineteen of the chapter to which this is additional." Public Laws 1859, Chap. 73. This act was additional to Sec. 19 of Chap. 82 of the R. S. of 1857, before noted.

Since this enactment the presiding Justice, when no exceptions are taken, has the same power as formerly the Law Court alone had, both to pass on the demurrer and on the question whether the plaintiff should be permitted to amend. Subsequent revisions retain this power. R. S., 1871, Chap. 82, Sec. 19, R. S., 1883, Chap. 82, Sec. 23; R. S., 1903, Chap. 82, Sec. 35; R. S., 1916, Chap. 87, Sec. 36.

In the case at bar the presiding Justice at the January term, 1918, sustained the demurrer and gave the plaintiff leave to amend. No exceptions to these rulings were taken. Therefore under the statute his ruling was final.

The next question that arises is when the amendment itself should be filed, because there is a distinction between granting leave to amend and the allowing of the amendment itself. The former is an order permitting an act to be done, the latter is the doing of the act itself. The defendant claims it should have been filed at the January term; the plaintiff that it could be filed at any subsequent term upon payment of costs subsequent to the filing of the demurrer. Neither contention is strictly accurate.

The time for filing the amendment when the matter is decided by the Law Court is regulated by statute. Prior to the passage of Chap. 118 of Public Laws 1915, it was required to be on the second day of the next term after the certificate of decision from the Law Court. *Rollins* v. *Cen. Me. Power Co.*, 112 Maine, 175. Since the passage of that act the time for filing the same or for payment of costs may be enlarged by leave of court. If this statute is not complied with, judgment must be entered on the demurrer.

When the decision is made by the presiding Justice and no exceptions are taken, the statute is silent as to the time of filing the amendment, the language of section 36 being: "If the declaration is adjudged defective and is amendable, the plaintiff may amend upon payment of costs from the time when the demurrer is filed." But this omission is supplied by Rule of Court No. VIII, which has the force of statute and is as follows: "When an action shall be continued with leave to amend the declaration or pleadings, or for the purpose of making a special plea, replication, etc., if no time is expressly assigned for filing such amendment or pleadings, the same shall be filed in the Clerk's office by the middle of the vacation after the term when the order is made; and in such case, the adverse party shall file his plea to the amended declaration . . . by the first day of the term to which the action is continued. If either party neglect to comply with this rule, all his prior pleadings shall be struck out and judgment entered of nonsuit or default, as the case may require, unless the Court for good cause shown shall allow further time for filing such amendment or other pleadings." This fixes the time of filing and the rights of the parties, and renders the procedure in case of a decision by the Law Court or by a single Justice harmonious.

In the case at bar the amendment was not filed by the middle of vacation, after the January term. The plaintiff neglected to comply with the rule and by its terms judgment of nonsuit should have been entered after the expiration of the first day of the April term. No further time for filing was asked of the court. The mere filing of the amendment itself, after the prescribed time therefor had elapsed, cannot be regarded as a motion for extension of time, nor can the allowance of the amendment by the court be regarded as the granting of such a motion. These acts were without force. The rights of the parties had become fixed at the end of the first day of the April term,

*Rollins* v. *Cen. Maine Power Co.*, 112 Maine, 175, and the defendant has waived none of the advantage which he thereby gained. He protested against the allowance of the amendment and followed his protest with exceptions. The ground of his exception may not be the strictly legal one, but his acquired rights have been neither surrendered nor forfeited. He was entitled under the statute and the rule of court to a judgment of nonsuit, and the allowance of the amendment at the April term under the facts of this case was reversible error.

*Exceptions sustained.*