JOSEPH COUTURE *vs.* JOHN GAUTHIER.

Oxford.   Opinion September 7, 1923.

*A lack of certainty in a general allegation of negligence in an action for personal injuries is a matter of form and not of substance and should be raised by a special demurrer or by motion to make more definite and certain.*

In case of a general allegation of negligence in an action for personal injuries, any lack of certainty in this respect is a defect of form and not of substance and must be taken advantage of by a special demurrer or by a motion to make more definite and certain.

A general allegation of negligence must, therefore, be held good on general demurrer.

On exceptions. An action to recover damages resulting from alleged negligence of the defendant in operating his automobile on a certain highway, where the plaintiff was a lawful traveller, colliding with the plaintiff and injuring him. The defendant demurred generally to the declaration contending that it was not sufficiently definite and certain in setting out the cause of action. The demurrer was overruled and defendant excepted. Exceptions overruled.

The case is stated in the opinion.

*Alton C. Wheeler and Frank P. Blair,* for plaintiff.

*Aretas E. Stearns,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, WILSON, DEASY, JJ.

WILSON, J.   An action on the case to recover damages alleged to have been caused by the negligent operation of the defendant's automobile. The declaration alleges, and in general terms only, that the defendant negligently and carelessly operated an automobile upon and along a certain highway; that the plaintiff was then and there a lawful traveller thereon and in the exercise of due care on his

part; that in consequence of the negligent and careless operation of the automobile by the defendant it collided with the plaintiff and injured him.

The defendant filed a general demurrer which was overruled, and the case is before this court on defendant's exceptions. The defendant contends that a general allegation of negligence is insufficient and relies upon *Aldrich* v. *Boothby*, 114 Maine, 318; *McGraw* v. *Paper Co.*, 97 Maine, 343, and *Boardman* v. *Creighton*, 93 Maine, 17.

The last two cases related to defective machinery and it did not appear certain in either case in what particular the machine was defective, nor was there any sufficient allegation that the injuries alleged to have been received were in fact due to the defective part or parts. In the case of *Boardman* v. *Creighton* it did not appear from the facts alleged what, if any, duty the defendant owed to the plaintiff.

In actions for the negligent driving of teams upon the highway it has never been deemed necessary to specify in what particular the defendant was negligent. Chitty on Pl., Vol. II, 16th Ed. Page 574; Oliver's Precedents, Pages 397-400. There may be more reason in actions for alleged negligence in the operation of automobiles than in the case of horse drawn vehicles why the plaintiff should set forth in what respect the defendant was negligent,—whether for operating his automobile on the wrong side of the road, or for failing to give warning of his approach, or for operating it at an excessive speed,—in order that the defendant may be appraised of what he has to meet, and we think it the better form of pleading so to do; but we deem a lack of certainty in this respect a matter of form and not of substance, and hold that, at least, in this class of cases, a general allegation of negligence must be held good upon general demurrer. Lack of certainty and definiteness in this respect must be taken advantage of by special demurrer or by motion to make more definite and certain. 14 Ency. of Pl. and Pr. 334, 340, Par. 13; 6 Ency. Pl. and Pr. 272; 20 R. C. L., Page 176, Sec. 145; 59 L. R. A., 209, Note; 21 R. C. L., Page 526, Sec. 88; Page 600, Sec. 146.

The defendant having filed a general demurrer in the case at bar, the entry will be,

*Exceptions overruled.*