JOSEPH CARRIER, ADMR. OF
ESTATE OF BERTRAND CARRIER

*vs.*

PAUL BORNSTEIN.

Androscoggin.     Opinion, August 13, 1938.

2

*John G. Marshall*, for plaintiff.
*Fred H. Lancaster*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.   This action was brought under the authority of the death statute, which creates a right of action where at common law there was none. R. S., Chap. 101, Secs. 9, 10, as amended by P. L. 1933, Chap. 113; *McKay* v. *Dredging Company*, 92 Me., 454, 43 A., 29; *Anderson* v. *Wetter*, 103 Me., 257, 69 A., 105; *Danforth* v. *Emmons*, 124 Me., 156, 126 A., 821; *Field* v. *Webber*, 132 Me., 236, 169 A., 732. The plaintiff administrator gained the verdict. Defendant moves for a new trial, assigning general grounds. As regards liability, he, however, concedes that the jury finding is not disturbable. His sole urge is that the award of damages is exorbitant or extravagant to the point that the court should set it aside. The assessment is $4750.

Decedent was a boy six years of age. His next of kin, that term being here used to signify those persons related by blood, who take the personal estate of the deceased intestate, ("heirs" bear the same relation to realty,) are his parents. *McKay* v. *Dredging Company*, supra.

The statute, as it applies in the particular instance, limits redress to compensation of the parents for the pecuniary effect upon them of the death of their child. R. S., *supra*, as amended; *Graffam* v. *Saco Grange*, 112 Me., 508, 92 A., 649.

This does not restrict recovery to the immediate loss of money or property. The words of the statute, allowing damages for "pecuniary injuries," look to the prospective advantages of a money nature, which have, in consequence of the premature death, been cut off. *McKay* v. *Dredging Company*, supra.

Sentimental hurts, losses from the deprivation of society or companionship, wounds of the affections, any distress of mind, any grief, suffered by the beneficial plaintiffs, are not elements which

may properly find reflection in damages. *McKay* v. *Dredging Company*, supra; *Oakes* v. *Maine Central Railroad Company*, 95 Me., 103, 49 A., 418.

A pecuniary loss or damage is a material one, susceptible of valuation in dollars and cents.

Damages may not be given, in a case of this kind, by way of punishment, or through sympathy, or from prejudice, but as "a pure question of pecuniary computation, and nothing more . . . no matter who or what the survivors may be." *Gillard* v. *Lancashire, etc., Co.*, (1848) 12 L. T., (Eng.) 356; *Oakes* v. *Maine Central Railroad Company*, supra.

What loss, in cold and unimpassioned inquiry, as a monetary proposition simply, fairly inferable from all the evidence, has been sustained? *Williams* v. *Hoyt*, 117 Me., 61, 102 A., 703.

Such, in effect, was the ultimate issue of fact.

The sum given must be the present worth of the future pecuniary benefits of which the beneficiary has been deprived by the wrongful act, neglect or default of the defendant. *Oakes* v. *Maine Central Railroad Company*, supra; *Williams* v. *Hoyt*, supra.

The evidence on the subject of damages was meager.

The father, in witnessing, testified as to his son's age, but did not give his own, nor that of his wife; she herself did not testify. Rank and station, the character of living, whether the father was dependent upon his own earning capacity, are not in evidence.

The child had been to kindergarten, but whether he was bright, active and promising, of average intelligence, strength, obedience and health, no page of the printed record discloses. *Bowley* v. *Smith*, 131 Me., 402, 163 A., 539.

True, the time might come when this child would be bound by law to support his parents; even so, four brothers, and as many sisters, stand to bear such potential obligation, in proportion to ability, respectively. R. S., Chap. 33, Sec. 15.

Of course, the damages could not be specifically proven. *Oakes* v. *Maine Central Railroad Company*, supra. Some damage is presumed, though the dead child was young. *Curran* v. *Railway Company*, 112 Me., 96, 99, 90 A., 973. In general, the jury must be governed by probabilities, not merely possibilities. *Welch* v. *Maine Central Railroad Company*, 86 Me., 552, 570, 30 A., 116.

The record is persuasive that the verdict is, in amount, against the overwhelming weight of the evidence.

The motion for a new trial is sustained, the verdict is set aside, and a new trial granted.

The new trial should be limited solely to issues of damage.

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*