BERNARD R. CRATTY

*vs.*

SAMUEL ACETO & CO.

Kennebec.    Opinion, March 17, 1953.

*Cratty & Cratty*, for plaintiff.

*Locke, Campbell, Reid & Hebert*, for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On exceptions to overruling of defendant's special demurrer to an amended declaration. This was an action to recover for injuries to the house of the plaintiff caused by concussion which in turn was caused by the alleged negligent use of explosives by the defendant.

On the return day the defendant filed a special demurrer to the plaintiff's declaration alleging as grounds therefor certain formal defects in the declaration. Among the formal defects set forth in the special demurrer was the failure to allege any specific day, month and year when the defendant caused the damages sued for. Another formal defect was the failure on the part of the plaintiff, he having alleged negligence and damage caused thereby generally, to set forth "the specific acts or circumstances of negligence on the part of the defendant and its servants," or to allege "in what particular or particulars they were negligent." On the second day of the term, the plaintiff filed a motion to amend his declaration which was granted. No exceptions were or have been taken to the allowance of the amendment. Procedural defects, if any, in this respect must be considered as waived by the defendant.

On the fourteenth day of the term, the special demurrer was overruled. *No exceptions were or have been taken to the overruling of this demurrer.*

On the eighteenth day of the term, the defendant filed another special demurrer. This second demurrer was to "the plaintiff's declaration as amended."

The amendment added certain allegations to the original declaration, but neither deleted nor changed a single averment thereof. Nor did the amendment render the original declaration less certain than in its original form, nor did it in any way modify any particular allegation contained in the original declaration.

The first five grounds of demurrer set forth in the second special demurrer were the *same,* both factually and verbally, as the first five grounds of demurrer set forth in the first demurrer, which, as before stated, had been overruled by the court, and to the overruling of which no exceptions then had nor now have been taken. The presiding justice overruled the second demurrer. The case is now before us upon exceptions to this action on his part.

The defendant's first special demurrer having been overruled and no exceptions having been taken to the ruling of the presiding justice, that ruling became final. R. S. (1944), Chap. 100, Sec. 38, and *Plaisted* v. *Walker,* 77 Me. 459, 461. The grounds of demurrer which were open to the defendant in its first demurrer cannot be again urged by it in support of its second demurrer, to wit, the demurrer to the amended declaration. While the amendment made by the opposite party may open the pleadings to demurrer anew, it does not open them for new rulings upon the identical questions already previously adjudicated on a prior demurrer in the same case, and to which rulings no exceptions were taken. The fact that a demurrer may be filed to an amended declaration as a matter of right does not enable

the demurrant "to dig up a dead demurrer and have its sufficiency again passed upon." See *Equitable Mfg. Co.* v. *Hill-Atkinson Co.,* 87 S. E. (Ga. App.) 715; *Missouri State Life Ins. Co.* v. *Lovelace,* 58 S. E. (Ga. App.) 93, 98; *Central of Georgia Ry. Co.* v. *Waldo,* 65 S. E. (Ga. App.) 1098. This principle is recognized in 41 Am. Jur. 472, § 254, where it is stated: "In the absence of a proper exception or objection, one whose demurrer has been overruled will not ordinarily be permitted in a later pleading or motion to present the same question which has been passed on by the court in overruling the demurrer." See also annotations in 13 A. L. R. 1120, 106 A. L. R. 445.

Although we are unaware of any cases in which this court has passed upon this precise question, the same principle is recognized in *Bean* v. *Ayers,* 69 Me. 122. In that case a demurrer was sustained to a declaration. After the sustaining of the demurrer an amendment was allowed. A special demurrer was then filed to the amended declaration. The second cause of demurrer assigned was the want of a proper averment of demand and refusal. The declaration in this respect was precisely the same as it was at the time of the former special demurrer. The cause of demurrer assigned in the second demurrer was not assigned or presented to the consideration of the court in the first demurrer. The court held that the defendant had waived that cause for demurrer stating: "Otherwise if there are several defects in form, in the declaration, the defendant might have as many special demurrers as there are defects, pointing out only one defect at a time, thus unnecessarily protracting litigation, and unjustly enhancing the costs." The court further stated: "We think the only causes of demurrer which can be assigned or relied upon, in the second demurrer, are such as appear by the amendment."

We apply this same rule to this case. The only causes of demurrer which were open to the defendant under the sec-

ond demurrer are such, if any, as appear by the amendment itself. It is to be here noted that the defendant neither objected to nor took exception to the allowance of the amendment. Its second demurrer is not to the amendment but to the declaration as amended, to wit, to the whole declaration. It is bound by the prior ruling of the court that the original declaration, as a declaration, was sufficient in substance and in form. Unless the amendment which has been added to the declaration vitiates the declaration, the demurrer to the amended declaration must be overruled. The amended declaration contains every allegation of the original declaration without deletion or change. There is nothing in the amendment which lessens or takes away the force and effect of the original declaration. Therefore, the original declaration having been held sufficient, the demurrer to the declaration in its amended form must be overruled.

This case, however, must be carefully distinguished from those cases in which the demurrer to the original declaration has been sustained. Amendments to a defective declaration are not even allowable unless they are either in the form of a new count sufficient in substance and form, or unless by insertion, addition or deletion they cure the defects upon which the previous demurrer was sustained. Under the rule in *Bean* v. *Ayers, supra,* an amended declaration is not demurrable for formal defects contained in the original declaration and not relied upon as grounds for demurrer in the prior special demurrer. If formal defects not raised by a prior special demurrer are not open on a second demurrer, much less should grounds of demurrer which have been overruled on the former demurrer, without exceptions being taken to such action, be considered upon a second special demurrer to the amended declaration.

Lack of certainty and definiteness in a general allegation of negligence is a matter of form, and in this respect can be taken advantage of only by special demurrer or by motion

to make more definite and certain. *Couture* v. *Gauthier,* 123 Me. 132; *Reynolds et al.* v. *Hinman Co.,* 145 Me. 343, 345. The defendant has an election as to which of these two courses of action he will adopt. In this case having elected to attack lack of certainty by demurrer, the defendant is bound by its election. Furthermore, its demurrer having been overruled, the same principle which prevents it from renewing its demurrer prevents it from again raising the same question by a motion for specifications.

We have sustained the overruling of the defendant's second demurrer on technical grounds relating to the procedure adopted, but we neither intimate, much less hold, that the plaintiff's original declaration was good in form, or that we would have sustained the action of the justice at nisi prius in overruling the first demurrer had his action been attacked by exceptions. The defendant having sought to take advantage of formal and technical defects in the declaration by special demurrer cannot now complain of an adverse result based upon its own failure to follow the technical rules of procedure. However, the ultimate rights of no one have been harmed, for if proper procedure be followed the case can be tried and decided upon its merits on the declaration in its present form.

*Exceptions overruled.*