ELZEAR J. PICARD, ADMR.
ESTATE OF PHILIP PICARD
*vs.*
ALBERT LIBBY

Kennebec.   Opinion, December 5, 1956.

*Niehoff & Niehoff*, for plaintiff.

*Bartolo M. Siciliano*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J.   This is an action under the Death Statute, so-called, arising from the death of a child four years of age. R. S., C. 165, Secs. 9, 10. The case is before us on exceptions first, to the allowance of the filing of an amendment and second, to the overruling of a special demurrer.

## FIRST EXCEPTION

At the February Term 1956 of the Kennebec Superior Court the plaintiff, administrator of the child's estate, filed a motion to amend his writ by adding two counts. The presiding justice at the same term entered the following order: "Motion granted. Amendment allowed." On the second day of the April Term the plaintiff filed a paper entitled "Amended Declaration," which includes the first count under the original declaration and the two counts of the February amendment.

The defendant asserts that the Court was without authority to allow the amendment to be filed at the April Term under Rule 8 of the Rules of Court, 147 Me. 466. The Rule covers the situation when an action shall be continued "with leave to amend," with limitations upon time of filing and penalties for failure to comply. If the Rule applied, the filing was late; but in our view the Rule does not touch the case.

There was no continuance of the case at the February Term with leave to amend. The amendment was then and there allowed by the presiding justice. The decision "amendment allowed" speaks for itself. In *Tibbetts* v. *Ordway Plaster Company,* 117 Me. 423, 425, 104 A. 809, we said:

> "The next question that arises is when the amendment itself should be filed, because there is a distinction between granting leave to amend and the allowing of the amendment itself. The former is an order permitting an act to be done, the latter is the doing of the act itself."

Nothing was changed or altered by the filing of the "Amended Declaration." The plaintiff's pleadings long since had been settled by the allowance of the amendment at the February Term. The first exception is overruled.

SECOND EXCEPTION

The defendant places the exception to the overruling of his special demurrer on 27 grounds, most of which are applicable to each of the three counts.

The plaintiff must bring his pleadings within the principle set forth in *Nadeau* v. *Fogg,* 145 Me. 10, 70 A. (2nd) 730. The court said, at page 13:

> "Under the law of this state it is the duty of the plaintiff in an action of negligence to inform the defendant of the facts upon which he relies to

establish liability for the injuries alleged and a plaintiff must set out a situation sufficient in law to establish a duty of the defendant towards the plaintiff and that the act complained of was a violation of that duty."

See also *Glidden* v. *Bath Iron Works,* 143 Me. 24, 54 A. (2nd) 528, and cases cited.

The procedure open to the defendant is found in *Couture* v. *Gauthier,* 123 Me. 132, 122 A. 54. The court said, at page 133:

"In actions for the negligent driving of teams upon the highway it has never been deemed necessary to specify in what particular the defendant was negligent. . . . There may be more reason in actions for alleged negligence in the operation of automobiles than in the case of horse drawn vehicles why the plaintiff should set forth in what respect the defendant was negligent,—whether for operating his automobile on the wrong side of the road, or for failing to give warning of his approach, or for operating it at an excessive speed,— in order that the defendant may be appraised of what he has to meet, and we think it the better form of pleading so to do; but we deem a lack of certainty in this respect a matter of form and not of substance, and hold that, at least, in this class of cases, a general allegation of negligence must be held good upon general demurrer. Lack of certainty and definiteness in this respect must be taken advantage of by special demurrer or by motion to make more definite and certain."

See *Cratty* v. *Aceto and Co.,* 148 Me. 453, 95 A. (2nd) 689; *Reynolds et al.* v. *Hinman Co.,* 145 Me. 343, 75 A. (2nd) 802.

"A special demurrer is one which denies the legal sufficiency of the previous pleading in certain matters of form specially assigned and pointed out by the demurrer." Martin, Common Law Pl., 6 Me. Law Review, p. 175.

The first count of the declaration reads:

"In a plea of the case for that the said plaintiff is the duly qualified Administrator of the Estate of Philip Picard, . . ; that the said defendant at Unity Plantation, . . on the 24th day of July A.D. 1955 was the operator of a certain automobile, to-wit, a 1950 Mercury Sedan, then and there operating the same in a northeasterly direction upon a public highway, being Route 139, so-called, and leading from Benton Station, Maine to Unity, Maine; that the plaintiff's intestate, being then and there a child of tender years, to-wit, of the age of four years, was standing or walking on the side of said public highway, at a point nearly in front of the residence of Elzear Picard in said Unity Plantation, and off the traveled portion of said highway; and the plaintiff avers that his said intestate was then and there in the exercise of due care; that it was then and there the duty of said defendant to operate his said automobile with due care and caution so as not to endanger the life and safety of others upon said highway, including the plaintiff's intestate; (1) (the plaintiff further avers that the said defendant, unmindful of his duty aforesaid, operated and propelled his said automobile in a careless and negligent manner) so as to drive it off said highway and strike and run into the plaintiff's said intestate inflicting injuries upon him from which he died on the said 24th day of July 1955, without conscious suffering; and the plaintiff further avers that the injuries sustained by his intestate, and his ensuing death, without conscious suffering, were caused solely by the negligence of the defendant and in no way contributed to by either the plaintiff or the plaintiff's intestate who were at all times in the exercise of due care; and the plaintiff avers that his said intestate (2) left surviving him his father and mother who were and are his sole heirs at law and for whose exclusive benefit this action is brought; and the plaintiff further avers that the funeral expenses amounted to two hundred thirty-two dollars and ninety cents

($232.90) ; and the plaintiff avers that this action brought by him is instituted within two years from the date of the death of his said intestate in accordance with the provisions of the Statutes of Maine, and by force of which an action hath accrued to the plaintiff to have and recover the damages sustained against the said defendant as herein above set forth."

In the second count the following replaces the clause in the first count in parentheses at (1) :

". . . and more specifically the plaintiff avers that it was then and there the duty of the defendant to operate his automobile at a reasonable and proper rate of speed, and with due regard to the conditions then and there existing, and to have his said automobile under control, and to have his automobile free from mechanical defects; (3) the plaintiff further avers that the said defendant unmindful of his duty aforesaid, and wholly disregarding his duties aforesaid, operated and propelled his said automobile at a great and unreasonable rate of speed, and failed to keep his automobile under control, and operated his said automobile in disregard to the conditions then and there existing, and the defendant failed to have his said automobile free from mechanical defects, (4) and the defendant carelessly and negligently drove, operated and propelled his said automobile. . ."

Also in the second count there is inserted at the place marked (2) in the first count, the following: ". . left no widow or children surviving him but . . ."

The third count is like the second count with the addition of the following at (3) and (4) :

(3)   ". . . and not to operate his automobile while he, the defendant, was under the influence of intoxicating liquor; . . ."

(4)  ". . . and the defendant operated his said automobile while he, the defendant, was under the influence of intoxicating liquor, . ."

The objections by the defendant are that the allegations of negligence in the first count are insufficient. He insists that he is not properly apprised of the particular acts of carelessness or negligence which he allegedly has committed. With this view we are unable to agree. Surely the phrase "so as to drive (his automobile) off said highway and strike and run into the (child)" is descriptive, and vividly so, of an act which may well be negligent. What further detail does the defendant require to apprise him of the alleged acts of negligence?

In the second and third counts the acts of negligence are more specifically set forth. The first count in our view is sufficient, and so are the second and third counts.

It will serve no useful purpose to discuss in detail the many other objections urged by the defendant. It is sufficient to say that in each count there is satisfactorily set forth the duty owed, the breach, and damages. Objections that the location of the child and the location of the defendant's automobile are vague and uncertain, that there is lack of time and place of negligence by defendant, and that the duty of defendant is specifically limited to operation on the highway and not where the child was struck and killed seem completely unrealistic. The defendant reasonably requires nothing more in plaintiff's pleading to enable him to defend.

There is also the question whether the plaintiff has sufficiently pleaded damages. The point is urged that since the statute, R. S., c. 165, Sec. 10, states that "the amount recovered . . . shall be for the exclusive benefit of . . .", in this instance the father and mother, the phrase "for whose exclusive benefit this action is brought" in the pleadings fails to state a case. We can unearth no consequential dis-

tinction between the words of the statute and the words of the plaintiff. We are told that the action is brought under the provisions of statute. It is common knowledge that the statute referred to is the Death Statute or Lord Campbell's Act, R. S., c. 165, Secs. 9, 10. *Hammond* v. *Lewiston, Augusta & Waterville Street Ry.*, 106 Me. 209, 76 A. 672; *Danforth* v. *Emmons*, 124 Me. 156, 126 A. 821.

The defendant further urges that the only claim for damages is for funeral expenses, and such damages are not properly pleaded. On the first point it is obvious to one who reads that the heart of the case lies in the death of the child and the damages flowing therefrom to the father and mother. The child suffered death and the parents thereby were presumably damaged. *Joseph Carrier, Admr.* v. *Bornstein*, 136 Me. 1, 1 A. (2nd) 219; *Curran* v. *Railway Company*, 112 Me. 96, 90 A. 973.

There remains the question whether the plaintiff sufficiently set forth his claim as administrator of the estate for funeral expenses. Until amended by Laws 1939, c. 252, there was no recovery for this item in a claim under the Death Statute. The statute reads:

> "The jury may give such damages as they shall deem a fair and just compensation, not exceeding $10,000, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought, and in addition thereto, shall give such damages as will compensate the estate of such deceased person for reasonable expenses of medical, surgical and hospital care and treatment and for reasonable funeral expenses, provided that such action shall be commenced within 2 years after the death of such person." R. S. c. 165, Sec. 10.

The usual practice, and the better practice we believe, is to place the death claim for the statutory beneficiaries and the funeral and other expenses in separate counts. In bring-

ing the action the administrator acts in two capacities—first, as trustee to recover damages for the statutory beneficiaries, and second, as administrator to recover expenses chargeable to the estate. Whether the death claim and expenses are included in one count or are separated in two counts, in either event, the jury must be directed to find and report the damages found in each type of claim. See 1 Maine Civil Officer (8th ed.) 226. Separate counts are not required in terms by the statute, nor are they essential in our view to a full and complete understanding of the issues by the parties, jury and the court.

Good pleading is designed to make clear and certain the issues. It does not demand the impossible of the draftsman, nor allow his opponent to stop, or slow to a discouraging pace, the businesslike dispatch of litigation. The defendant takes nothing from the second exception.

The entry will be

*Exceptions overruled.*