ROBERT W. PRYOR, receiver of E. C. Faitoute Hardware Company,

*v.*

ALLAN J. GRAY.

[Decided December 21st, 1905.]

1. A bill by a receiver of an insolvent corporation alleging that the defendant under a void chattel mortgage from the corporation, by taking possession of its chattels and selling them, wrongfully realized unknown sums of money, for which an accounting is prayed, states a sufficient ground of equitable jurisdiction.

2. A chattel mortgage, made July 13th, 1904, and not recorded, where possession of the property was not taken thereunder until December 6th, 1904, is void.

3. One demurring to an original bill, failing to present any existing grounds for demurrer, thereby waives any right of objection based thereon against the bill as amended to the same extent as if he had pleaded over.

---

On demurrer to amended bill.

The bill of complaint in this cause, as amended, alleges that the complainant was, on December 16th, 1904, appointed receiver of the defendant, a corporation of the State of New Jersey, because of its insolvency, and that he has duly qualified as such receiver; that on July 13th, 1904, the defendant corporation executed to the defendant a chattel mortgage on its stock in trade, fixtures and other personal property in Newark, New Jersey, reasonably worth $11,000, to secure the payment of the sum of $5,000; that the mortgaged chattels remained in the possession of the defendant company until December 6th, 1904; that the said chattel mortgage was illegally recorded in Essex county register's office, because it was neither acknowledged by the defendant mortgagor, nor was the execution thereof proven by the subscribing witness.

The bill further alleges that on the 6th day of December the defendant, Gray, took possession of the mortgaged chattels and proceeded to sell the same at retail, and continued to do so until December 17th, 1904, when the complainant, as receiver of the insolvent corporation, took possession of the mortgaged chattels under a stipulation with the defendant's solicitor whereby it was agreed that the said receiver should have possession of the chattels; that they should be sold clear of the mortgage, and that the lien thereof, if of any validity, should attach to the moneys received from the sale; that all of the said chattels were, under an order of this court, sold at public auction to the defendant for the sum of $3,935, part of which was paid in cash and part secured to be paid by the complainant's bond, conditioned that if the mortgage should be declared illegal, and the defendant should pay the sum of $3,541.50, with interest thereon, and perform the order of the court in relation to the purchase-money, the bond should be void.

The bill further alleges that the defendant claims a lien on the purchase-money and on the money due under said bond, and that he has in his possession a large sum of money, collected from the sale of the said mortgaged chattels between December 6th and December 17th, 1904; that claims against the insolvent company have been filed with the complainant, as receiver, to

the amount of $17,411.07, and that the proceeds from the sale of the mortgaged chattels are all the assets of the insolvent company in possession of the receiver.

The complainant prays that the mortgage may be decreed fraudulent and void as to him, and the lien thereof null and void; that the defendant may account to the complainant for moneys received from the sale of chattels up to December 17th, at noon, and for further relief, &c.

The only defendant is the chattel mortgagee, who demurs to the whole amended bill and sets forth five several causes of demurrer, which will be hereafter stated.

*Mr. Malcolm MacLear,* for the demurrant.

*Mr. Frank Benjamin,* for the complainant.

GREY, V. C.

The first cause of demurrer challenges the bill, because it does not show any facts which give this court jurisdiction, and particularly the demurrant insists that the bill shows that the mortgaged chattels have been sold clear of the mortgage, and no facts are alleged which show that the defendant claims any lien by virtue of the mortgage on either the mortgaged chattels or the money proceeds of their sale, &c.

A sufficient ground of equitable jurisdiction is stated in the allegations that the defendant, under a void chattel mortgage obtained from the insolvent corporation, has, by taking possession and sale of that company's chattels, wrongfully realized unknown sums of money, for which the bill prays he may be decreed to account to the receiver of that company.

The bill, taking it as a whole, is also sufficiently definite in its statements of fact to show that it charges that the defendant wrongfully claims, under his void chattel mortgage, to have been entitled to sell the insolvent company's chattels and keep the proceeds; that the moneys in dispute were realized under an order of this court upon an agreement of the defendant that the mortgaged chattels should be sold clear of the disputed chattel

mortgage, and that the lien thereof, if it had any validity, should attach to the moneys proceeding from that sale.

The averments of the amended bill inform the defendant that the subject regarding which he is called upon to respond is his claim to a lien by virtue of his chattel mortgage upon the goods of the insolvent company and upon the fund raised by the sale of the chattel mortgaged goods, which chattel mortgage the complainant charges is void because not lawfully recorded. This notifies the defendant of the purpose of the suit which the court of errors and appeals has held is all that is required in bills in equity. *Mutual Life Insurance Co.* v. *Sturges, 33 N. J. Eq.* (*6 Stew.*) *328.* The first ground of demurrer is overruled.

The second ground of demurrer avers that the complainant's attack on the chattel mortgage is inefficient, because on the face of the bill it appears that the defendant had in fact taken possession of the mortgaged property before the complainant was appointed receiver for the insolvent company mortgagor.

The statute, in dealing with the sort of possession which may validate an unrecorded chattel mortgage, declared that it must be *immediate.* The complainant's contention is that the entry of the defendant's chattel mortgage in the mortgage-book, without either certificate of its acknowledgment or proof of its execution, was in law not a recording. The pleadings show that the chattel mortgage was made on the 13th day of July, 1904, and that possession of the mortgaged goods was taken under it on the 6th day of December, 1904, nearly six months after its execution.

In *Roe* v. *Meding, 53 N. J. Eq.* (*8 Dick.*) *350,* the court of errors and appeals declared that the requirement of the statute regarding chattel mortgages is for immediate recording or immediate taking possession, for the obvious reason that one or the other is necessary to give notice to possible creditors of the mortgagor of the mortgagee's interest in the goods. In that case the delay in recording was less than three months, yet it was held to invalidate the chattel mortgage. The receiver is not limited in challenging the defendant's wrongful acts to those done after his appointment. The second ground of demurrer is overruled.

The third ground of demurrer contends that the bill of complaint does not show that the defendant claims any lien on the moneys received from the sale of the mortgaged chattels by virtue of the mortgage, and does not show that the defendant has filed any claim with the receiver for moneys due under the chattel mortgage, or due by virtue thereof.

This is substantially answered in the above discussion of the first ground of demurrer. Upon the whole case, as exhibited by the bill of complaint, it obviously appears that the complainant, as receiver, &c., alleges that the defendant, by virtue of his void chattel mortgage and of the stipulation with the receiver, claims a lien upon the proceeds of the sale of the mortgaged goods. This ground of demurrer, therefore, should be overruled.

The fourth ground of demurrer is that the amended bill of complaint does not show that there are any moneys due by the insolvent company to persons other than the defendant, or that persons other than the defendant are interested in the estate of the insolvent company.

The fifth ground of demurrer is that the amended bill of complaint does not show that there are not sufficient moneys to pay all the debts of the insolvent company.

Both these grounds of demurrer, challenging the amended bill (and indeed most of the others), might have been assigned against the original bill of complaint before it was amended. The defendant demurred to that bill, and did not then see fit to present these criticisms as grounds of demurrer. He thereby waived any right of objection for that cause to the same extent as if he had pleaded over. *Bean* v. *Ayers, 69 Me. 128.* He may not reserve existing grounds of demurrer to an original bill, and by presenting those defects successively against amendments unreasonably protract litigation and unjustly enhance the costs. *Bean* v. *Ayers, 69 Me. 128.*

The demurrer should be overruled, with costs.