The complainant, receiver of the defunct East Orange Auburn Company, Incorporated, seeks an accounting from the General Contract Purchase Corporation, a finance company, of the proceeds of the sale of two automobiles, assets of the defunct company, seized by the finance company after the defunct company became insolvent. The finance company attempts to justify the seizure upon the authority of the usual trust receipts, which recite that the defunct company received from Lawrence Motor Car Company, on behalf of the finance company, the cars; that it would hold them in trust for the finance company and would not sell them except for the account of the finance company, and for cash, not less than the amount of acceptances given by it to the finance company, and, upon sale, it would hold the proceeds in trust for and pay the sum over to the finance company; and before sale the finance company could retake the cars. *Page 240 
The circumstances under which the trust receipts were given are these: East Orange Auburn Company, Incorporated, dealer in automobiles, telephoned the Lawrence Motor Car Company, vendor, an order for a car, informing the vendor that it would pay fifteen per cent. of the price, the balance, eighty-five per cent., to be financed. Upon the finance company agreeing with the vendor to make the loan, the vendor prepared the trust receipt and a ninety-day acceptance for the eighty-five per cent., and upon their execution by the buyer, and the payment of fifteen per cent., made out an invoice to the buyer for the price of the car, giving credit for the fifteen per cent. and showing the balance to be furnished by the finance company. The trust receipt, acceptance and invoice were then sent by the vendor to the finance company, which forwarded its check to the vendor and upon its receipt the car and a copy of the invoice were delivered by the vendor to the buyer.
The transactions were not as the trust receipts represent; title was never in the finance company. The cars were sold to the defunct company and the title passed to it; it paid part of the purchase price, and through its agent for that purpose, the vendor, borrowed the balance from the finance company, giving the trust receipts as security. The invoices to the defunct company, acknowledged by the finance company, import the passing of the title to the defunct company, and the body of the receipts is no less persuasive, for the defunct company was at liberty to sell the cars at its own price, and convey the title as its own property, the only limitation being not to sell for less than the debt, which it was to remit out of the proceeds, keeping the rest.
The instruments are not available as trust receipts, even if we applied the principles upon which they are upheld in other jurisdictions, and for this reason: Title to the cars did not pass to the finance company; title was not in it. Title is essential according to the defendant's authority, Mr. Karl T. Frederick, in the May and June, 1922, Columbia Law Review, for he says, "the only situation in which a trust receipt may properly be used is one in which the title of property *Page 241 
by way of security is conveyed to the creditor by an owner who is not the person responsible for the satisfaction of the obligation which the property secures but where such obligor has a contractual or beneficial interest in the property subject to the satisfaction of such obligation."
The equitable concept of the trust receipts under consideration is that of declarations of trust, that the defunct company held its own property in trust for the finance company (Janes v.Falk, 50 N.J. Eq. 468) as security for the debt; a valid trust and enforcible in equity between the parties. The legal effect is that of a chattel mortgage, void as to creditors for failure of verification and recording. That is the settled law of this state. Commonwealth Finance Corp. v. Schutt, 97 N.J. Law 225;Karkuff v. Mutual Securities Co., 108 N.J. Eq. 128; Smith v.Commercial Credit Corp., 113 N.J. Eq. 12; Harding v. TheFirst-Mechanics Bank, Ibid. 129; In re Schuttig, 1 Fed. Rep.
2d 443. In the Smith Case, Vice-Chancellor Berry's able discussion of the subject leaves nothing unsaid in condemning automobile trust receipts as chattel mortgages, and invalid for want of registration.
The receiver represents the creditors and may attack the validity of the trust receipts. Receiver, Graham Button Co. v.Spielmann, 50 N.J. Eq. 120. The receiver had a remedy in trover, but Pryor, Receiver, v. Gray, 70 N.J. Eq. 413, is authority for the bill for an accounting. The defendant's counsel acquiesces.
The trust receipts fail as conditional sales. There was no sale. The finance company had no title.
The defendant, for the first time, in its supplemental brief raises the question of the absence of proof, that at the time of the taking of the cars the defunct company was insolvent. The cars were taken July 25th, 1930. The bill, in insolvency, was filed and an order to show cause issued ten days later, August 4th, and the receiver was appointed in due course. It was stipulated at the hearing that claims of $5,072.96 have been presented to the receiver, that they, or some of them, existed at the time of conversion, and that he has no assets. From this, insolvency at the time of taking will be presumed. *Page 242 
The case was submitted on an agreed state of facts and oral proofs, and the cause was argued upon the assumption that the company was insolvent at the time the finance company took the cars. The bill is silent as to the insolvency of the company at that time. It may be amended. If the defendant persists, further proof may be taken.
It has been agreed by counsel that the two cars were sold by the finance company for $2,900. A decree for that sum with interest will be entered.