One of the complainants is the receiver of Lippey Printers, Inc., an insolvent corporation. The other complainant is Photo-Lith, Inc., whose interest in the suit will appear in due course. The cause arises out of a chattel mortgage made by Lippey Printers to defendant Brandtjen Kluge, Inc., September 27th, 1937, four months before the bill was filed for the appointment of the receiver. The mortgage was given to secure $2,241, of which $1,796 was the purchase price of a printing press sold by defendant to Lippey Printers and $445 was interest and finance charge. Since the buyer was unable at the time of the sale to make any payment whatever on account of the purchase price, the mortgage was framed to cover not only the press which was the subject of the sale but other equipment of Lippey Printers, namely, an older press, *Page 539 
an embosser and two cabinets of type. The affidavit of consideration annexed to the mortgage made by the agent of the defendant, states that, "This mortgage is to secure the balance due on purchase price of chattels described in schedule below."
By force of the statute, a chattel mortgage which is not accompanied by an immediate delivery of the things mortgaged, is void as against creditors of the mortgagor and as against subsequent purchasers in good faith, unless the mortgage be recorded, having annexed an affidavit "stating the consideration of such mortgage and as nearly as possible, the amount due and to become due thereon." R.S. 46:28-5. The affidavit must truthfully state the consideration, and a substantial deviation from the truth, however honestly made, invalidates the mortgage.DeYoe v. Harper Bros., Inc., 121 N.J. Eq. 599; Atzingen v.Ottolino, 124 N.J. Eq. 510. Defendant's mortgage was taken to secure $1,796, the purchase price of one certain printing press. The affidavit states, for so it must be construed, that the money secured was the consideration for the sale of all five items listed in the schedule and not the one press alone. The mortgage also secured the sum $445, for interest, c., which should have been but was not revealed. Finkel v. Famous Lunch Room Co.,100 N.J. Eq. 85. These were substantial departures from the truth and invalidate the mortgage as against creditors of the mortgagor.
Because of a default in the monthly payments due under the mortgage, defendant took possession of the mortgaged chattels shortly before the receiver was appointed and a couple of days after his appointment, defendant's bailiff held a chattel mortgage sale and struck off the chattels to defendant. Defendant immediately had them removed to New York and has since disposed of them. A few months later, the receiver, acting on order of the court, sold to Photo-Lith, Inc., for the sum of $50 all his right, title and interest in the old press, the embosser and the two cabinets of type mentioned in the mortgage, but not in the new press.
A chattel mortgage which is invalid as against creditors for want of a proper statutory affidavit, is still valid as between the mortgagor and the mortgagee. Seacoast Finance Corp. v.Cornell, 104 N.J. Law 24. It is familiar law that only *Page 540 
creditors whose debts are fastened on their debtor's property have the right to call in question the validity of the mortgage. But the debts of common creditors are fastened on property of the debtor corporation by an adjudication of insolvency and the appointment of a receiver. In a suit by a receiver to avoid a chattel mortgage, he is the representative of the creditors; he stands in their shoes and not those of the insolvent corporation.Graham Button Co. v. Spielmann, 50 N.J. Eq. 120; Id. 796;Smith v. Commercial Credit Corp., 113 N.J. Eq. 12; 115 N.J. Eq. 310; Central-Penn National Bank v. New Jersey Fidelity, c.,Insurance Co., 119 N.J. Eq. 265. If there are no unpaid creditors of the defendant corporation, the receiver is not in a position to avoid the mortgage. Fidelity Trust Co. v. StatenIsland Clay Co., 70 N.J. Eq. 550.
The claims of creditors filed with and allowed by the receiver amount to $615.79. The receiver points out that no order limiting or barring creditors has been entered in the receivership cause and that it is possible that other claims will be filed. But it is now over three years since the receiver was appointed. A creditor who has not been sufficiently diligent to present his claim to the receiver within that time, can receive no consideration from the court in this cause. The sum of $615.79 will be taken as the amount of debts represented by the receiver. These debts constituted upon the appointment of the receiver, a lien on the mortgaged chattels prior to the mortgage lien of defendant.
The expenses of administration including reasonable compensation of the receiver are a first charge on assets which come into his hands and which he administers; they are superior to the claims of the creditors, whether secured or unsecured.Seidler v. Branford Restaurant, Inc., 97 N.J. Eq. 153; Id.,531; Bankers Trust Co. v. Maxson, 100 N.J. Eq. 1; Sullivan v.James Leo Co., 124 N.J. Eq. 317. It is certain that if the defendant had not succeeded in seizing and removing the mortgaged chattels before the receiver could reach them, and if the receiver in the ordinary course had sold the chattels, the fund so realized would have been subject to expenses of administration in addition to the amount due *Page 541 
creditors before anything would have been payable to the mortgagee. The fact that the mortgagee itself disposed of the chattels does not free the fund from the burden of receivership expenses. A reasonable part of these expenses, as well as the amount due creditors, are ahead of the lien of defendant.
Defendant is liable in equity to the receiver up to the value of the new printing press which was sold by it under the void mortgage. Defendant contends that the receiver's remedy is an action at law for the conversion. But the basis for holding defendant liable "is that the mortgage is a fraud upon the creditors and that the mortgagee is a trustee for them and, in case he dispose of the property in violation of the trust, personally liable for its value or for its proceeds." ArnestoPaint Co. v. Brush, 117 N.J. Eq. 368; Pryor v. Gray, 70 N.J. Eq. 413; 72 N.J. Eq. 436; Vonhof v. General Contract PurchaseCorp., 115 N.J. Eq. 239. Even if an action at law in cases of this general nature is sometimes the proper remedy, the complications of this case make it one peculiarly requiring the attention of a court of equity.
The value of the printing press at the time and place of sale was $1,700. There will be a decree that the defendant pay to the receiver out of this sum, $250 on account of the receivership expenses and $615.79, the amount of debts, with interest on the latter sum from the date of the appointment of the receiver. The defendant must also pay the receiver's taxed costs of this suit, in which will be included a counsel fee of $500. I realize that this fee is large in comparison with the amount of the debts, but the cause has been hotly contested and a counsel fee of $500 is not large when measured by the work necessarily done by counsel. He has acted in this case as an arm of the court and has no client to look to for compensation in addition to the fee allowed him.
There remains for consideration the case of Photo-Lith. The petition of the receiver which led to the sale of his right, title and interest in the four chattels for $50, showed that defendant had agreed to sell its right, title and interest in the same chattels to Photo-Lith for $270. Obviously, the offer to the receiver was made to clear up any imperfection of the title which Photo-Lith expected to get from defendant. *Page 542 
Apparently the deal between Photo-Lith and defendant subsequently failed, but that failure did not enlarge Photo-Lith's interest in the chattels. If the receiver, when selling his right, title and interest to Photo-Lith, be considered as the representative of the insolvent corporation, then the mortgage was good as to Photo-Lith, for it knew of the mortgage and was not a bona fide
purchaser within the meaning of R.S. 46:28-5. Graham Button Co.
v. Spielmann, supra. If the receiver be considered as acting for the creditors, Photo-Lith is in no better position since the creditors will be paid in full out of the proceeds of the new printing press. Photo-Lith did not acquire from the receiver the right to represent the creditors of the insolvent corporation in an attack on the chattel mortgage. The bill will be dismissed as to Photo-Lith, but without costs. *Page 543