B. W. HUNTINGTON, Temporary Administrator of Estate of Terry Wayne Huntington, Deceased, Appellant,

v.

WALKER'S AUSTEX CHILI CO. et al., Appellees.

No. 3326.

Court of Civil Appeals of Texas.

Waco.

Dec. 15, 1955.

Rehearing Denied Jan. 5, 1956.

McMahon, Springer, Smart & Walter, Abilene, for appellant.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Timothy E. Kelley, David M. Kendall, Jr., for appellees.

McDONALD, Chief Justice.

Terry Wayne Huntington, a minor, and both of his parents were killed when the car in which they were riding was allegedly negligently run over and smashed by defendant's truck. Terry Wayne Huntington survived his parents by 10 'or 15 minutes. Plaintiff herein, the administrator of the estate of Terry Wayne Huntington (and the representative of the heirs of Terry Wayne Huntington), seeks to recover damages from defendant, alleging that when the parents of Terry Wayne Huntington died, that he (Terry Wayne Huntington) became vested with a cause of action under the Wrongful Death Statute for the death of his parents, and that upon the death of Terry Wayne Huntington, a few minutes later, this cause of action for the death of the parents which had vested in Terry Wayne Huntington, passed to his heirs at law and his estate.

Trial was before the court without a jury. Defendants filed motion for summary judgment contending that 1) any cause of action which Terry Wayne Hunt-

ington may have had for the wrongful death of his father and mother died with him when he died and that same did not survive to his heirs at law; and alternatively, 2) that if such cause of action did survive to the heirs at law of Terry Wayne Huntington on his death, that the measure of damages would be limited to the damages he suffered in 10 minutes, which would be inconsequential.

Upon the foregoing two-fold contention of the defendants the Trial Court granted such motion for summary judgment and decreed that plaintiff administrator take nothing by his suit.

From such judgment plaintiff appeals, contending that a cause of action for the wrongful death of his mother and father vested in Terry Wayne Huntington the instant the father and mother died, and that such cause of action in its entirety survived the subsequent death of Terry Wayne Huntington, to the administrator of his estate.

The determination of this case involves the application of our "Wrongful Death Statute", Articles 4671 through 4678 R.C.S., Vernon's Ann.Civ.St. arts. 4671–4678, and in particular Article 4675, R.C.S. thereof, and of our "Survival Statute", Article 5525, R.C.S., Vernon's Ann.Civ.St. art. 5525, to the factual situation presented.

■ At common law there was no cause of action for injuries resulting in death. Article 4671, R.C.S. created such a cause of action. Article 4675 names the beneficiaries in whose favor such a cause of action is created, and provides:

"Actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all."

Article 5525, R.C.S., our Survival Statute, provides:

"All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of the death of the person against whom such cause of action shall have accrued, nor by reason of the death of such injured person, but, in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party and against the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person or persons against whom same accrued were alive."

■ At the instant of the death of his father and mother there vested in Terry Wayne Huntington, by virtue of the Wrongful Death Statute, a cause of action for such damages as he sustained by virtue of their deaths. This cause of action was for loss of support, maintenance, education, nurture, care and training which the minor could have reasonably expected to receive from his parents from the time of their death until he would have reached his majority. This cause of action as vested existed solely by virtue of the Wrongful Death Statute—and existed only by and for the sole and exclusive benefit of the beneficiaries named in the statute (of which Terry Wayne Huntington was included). Ten minutes after the vesting of this cause of action, Terry Wayne Huntington died.

Apparently the plaintiff administrator herein concedes that if only the Wrongful Death Statute were involved his cause would fail, but contends that since the Survival Statute, Art. 5525, supra, was passed subsequent to the Death Statute, that the cause of action, exclusive in Terry Wayne Huntington were he alive under the Death Statute, should, under Article 5525, survive to his estate.

■ Plaintiff contends that our Survival Statute should be construed to provide that

**258**

on the death of any person in whose favor a right of action may have accrued for any cause prior to his death, said right of action shall survive in favor of the legal representatives of the deceased. With such contention we cannot agree. Our Survival Statute plainly does not provide as contended and for it to so provide will take amendment by our legislature.

■ A close examination of Article 5525, R.C.S., supra, at it relates to our factual situation, discloses that it provides:

> "All causes of action upon which suit * * * may hereafter be brought * * * *for injuries resulting in death* * * * shall not abate * * * by reason of the death of such injured person, but, in the case of such death * * * all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party * * *."

Under this statute, the cause of action that survives is for damages for injuries received by the injured party (here Terry Wayne's mother and father), which, if he lives, may be recovered by him, but, if he dies from the injuries, then his heirs and legal representatives have the right to recover the same damages that the injured party, had he lived, could have recovered. That is, his right to recover damages because of the injuries which he has suffered up to the time of his death, survives to his heirs and legal representatives.

■ The cause of action which Terry Wayne Huntington had by virtue of his parents' death and which is involved herein, was a new cause of action created by the Death Statute, and was for damages suffered by *himself*—loss of nurture, support and education—by virtue of his parents' death. This new cause of action was for damages not recoverable at common law, but recoverable only by virtue of the Death Statute and for the sole and exclusive benefit of himself.

■ The Survival Statute, Article 5525, R.C.S., supra, does not purport to preserve or cause to survive such new cause of action, but on the contrary in clear language provides only for the *survival* to the estate of the cause of action for the *personal injuries* or *for the injuries resulting in the death* of Terry Wayne Huntington's father and mother. Such causes of action for the injuries which resulted in Mr. and Mrs. Huntington's death survived to their estate by virtue of the Survival Statute.

■ The foregoing construction of the Death and Survival Statutes was made in Norman v. Valley Gin Co., Tex.Civ.App., 99 S.W.2d 1065, 1067, such holding being approved by our Supreme Court with an outright refusal of application for writ of error. In that case the court said:

> "* * * where one is negligently injured, and from which injury he dies, the cause of action which had accrued to him for damages suffered up to the time of his death survives to his heirs, (under Article 5525, R.C.S.), but that, when death ensues, a new cause of action is created by Article 4671 (death statute). His beneficiaries, under the death statute, may then institute suit and recover such damages as they have suffered by reason of his death."

■ In the case at bar the cause of action which accrued to Terry Wayne Huntington upon the death of his parents, for maintenance, education and nurture, died with him. The Survival Statute relates by its positive terms only to causes of action *for injuries or injuries resulting in death*. These causes of action survive to the legal representative and heirs of the person receiving the injury or the injury which results in his death.

From the foregoing it follows that all of plaintiff's points are overruled and the judgment of the Trial Court is affirmed.