**Lois Faye CARTER, Administratrix of the Estate of Elsie Ione Lindsey, Deceased, Appellant,**

v.

**Lynn VAN METER, Temporary Administrator of the Estate of Freda LaVerne Hughes, Deceased, Appellee.**

No. 18096.

Court of Civil Appeals of Texas, Dallas.

May 17, 1973.

Rehearing Denied June 14, 1973.

Richard E. Green, Touchstone, Bernays & Johnston, Dallas, for appellant.

William N. Hamilton, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The vital question presented by this appeal is whether a cause of action expressly conferred upon the named survivors by virtue of the Texas Wrongful Death statutes (Vernon's Tex.Rev.Civ.Stat.Ann. arts. 4671–4678) survives the death of such party.

The facts are without dispute. Raymond Lindsey died instantly on December 3, 1969 as a result of an automobile collision between a vehicle he was driving and a vehicle being driven by Freda LaVerne Hughes who was also killed in the accident. Raymond Lindsey left surviving him a wife, Elsie Ione Lindsey, and four adult children, none of whom were dependent upon him at the time of his death. Subsequently, on February 24, 1970, Elsie Ione Lindsey died. On April 7, 1971 Lois Faye Carter, administratrix of the estate of Elsie Ione Lindsey, deceased, brought this action complaining of Lynn Van Meter, temporary administrator of the estate of Freda

LaVerne Hughes, deceased, in which she sought a judgment on behalf of the estate of Elsie Ione Lindsey, deceased, for damages pursuant to the Wrongful Death statutes of the State of Texas, such damages being in the form of anticipated pecuniary benefits which allegedly would have been derived from Mrs. Lindsey's husband, had he lived. In said action recovery was also sought for Mr. Lindsey's funeral expenses. It was also alleged that the suit was brought not only in behalf of the widow, and her estate, but in behalf of said adult children.

American Automobile Insurance Company intervened alleging that it had paid Elsie Lindsey the sum of $15,523.07 together with the sum of $500 funeral allowance as workmen's compensation payable by virtue of the death of Raymond Lindsey. Intervenor sought to recover the amount of its expenditures, together with attorneys' fees.

Lynn Van Meter, temporary administrator of the estate of Freda LaVerne Hughes, filed a defensive plea, asserting that the wife's cause of action under the Wrongful Death statute is personal to her and does not survive her death so that the administratrix was without legal authority to institute the action on behalf of the estate, or on behalf of the other beneficiaries.

The trial court sustained the plea and dismissed the suit. From this order the administratrix of the estate of Elsie Ione Lindsey appeals.

Appellant, in her primary point of error, charges that the trial court erred in sustaining the plea and dismissing the cause of action because as a matter of law any cause of action Elsie Ione Lindsey may have had under the Wrongful Death statutes during her lifetime because of the death of her husband, Raymond Lindsey, did not abate by reason of her own death, but passed to the administratrix of her estate so that such administratrix has the right and also a duty to maintain the cause of action not only on behalf of the estate of the deceased beneficiary but on behalf of other named beneficiaries under the Wrongful Death statutes.

As stated in Landers v. B. F. Goodrich Company, 369 S.W.2d 33 (Tex.Sup.1963), two separate and distinct causes of action may arise where injuries wrongfully inflicted result in death. One is the common law action for damages sustained by the decedent and his estate as a result of the injuries and death. This cause of action survives to the heirs or legal representatives of the decedent under the express provisions of art. 5525, Vernon's Tex.Rev. Civ.Stat.Ann. The other cause of action is conferred upon the surviving husband, wife, child and parents of the decedent by what is characterized as the Wrongful Death statutes, article 4671 et seq., Vernon's Tex.Rev.Civ.Stat.Ann. This second cause of action is for the damages sustained by the named beneficiaries of the decedent. No statute similar to article 5525 makes express provision for survival of the second cause of action.

Article 4675 states that such actions for damages arising from death shall be for the "sole and exclusive benefit" of and may be brought by the surviving husband, wife, children and parents of the person whose death has been caused, or by either of them, for the benefit of all. The statute expressly provides that if none of said parties commence such action within three calendar months after the death of the deceased, the "executor or administrator of the deceased" shall commence or prosecute the action unless requested by all of such parties not to do so. The amount recovered shall not be liable for the debts of the deceased. Tex.Const. art. XVI, § 26, Vernon's Ann.St.

Pursuant to article 4677 the amount of damages "so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict."

In 1860 when the legislature first enacted the Wrongful Death statutes the articles, then numbered 2899 et seq., contained a provision:

"If the sole beneficiary dies pending the suit, and he is the only party entitled to the money recovered, the suit shall abate."

This remained in the statutes until the revision of 1925 at which time the statutes were recodified. The present Wrongful Death statutes do not contain the quoted portion of the original act. Appellant relies upon the omission of the quoted portion of the original statute together with cases from other jurisdictions.[1] Each of these cases relied upon construes statutes of other states, together with federal statutes, which do not correspond to the Texas statutes with which we are here concerned and therefore such are not authoritative in reaching a solution of the question.

 Both prior to and subsequent to the recodification of the statutes in 1925 the courts of this state have consistently held that since the right of action conferred by the Wrongful Death statutes is personal and for the sole benefit of the named beneficiary that such cause of action ceases to exist upon the death of such beneficiary. Texas Loan Agency v. Fleming, 18 Tex.Civ.App. 668, 46 S.W. 63 (1898), reversed on other grounds 92 Tex. 458, 49 S.W. 1039; Gulf, C. & S. F. Ry. Co. v. Higginbotham, 173 S.W. 482 (Tex. Civ.App., Galveston 1915); and Huntington v. Walker's Austex Chili Co., 285 S. W.2d 255 (Tex.Civ.App., Waco 1956, writ

ref'd). In *Huntington*, supra, the suit was brought by an administrator of the estate of a deceased infant seeking to recover damages for the death of the infant's parents arising out of an automobile accident. The administrator claimed that upon the death of the parents the child was vested with the cause of action under the Wrongful Death statutes for their death and that, when the child died, the Wrongful Death cause of action passed to the child's heirs and to his estate. The administrator argued that the enactment of the survival statute (art. 5525) subsequent to the enactment of the Wrongful Death statutes would necessarily cause such action to survive. The Court of Civil Appeals rejected the administrator's contention and held that the Texas Wrongful Death statutes conferred upon the survivor of a cause of action for loss of nurture, support and education by virtue of the death of his mother and father and that since this statutory cause of action was for the sole and exclusive benefit of the infant and personal to him such cause of action died with him. The court correctly pointed out that the cause of action which is made to survive by article 5525 is confined to injuries received by the injured party and does not extend to other causes of action such as is provided for in the Wrongful Death statutes. The Supreme Court, by unqualifiedly refusing a writ of error in the Huntington case, placed a stamp of approval upon such decision and we are bound to apply the rule so stated in this case.[2]

 Accordingly, we hold that the cause of action pursuant to article 4671 et seq. granted to Elsie Ione Lindsey upon the

1. Meeken v. Brooklyn Heights R. Co., 164 N.Y. 145, 58 N.E. 50 (1900); City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724 (1913); Van Beeck v. Sabine Towing Co., 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685 (1937); Thomas' Adm'r v. Maysville Gas Co., 112 Ky. 569, 66 S.W. 398 (1902); Union Steamboat Co. v. Chaffin's Adm'rs, 204 F. 412 (7th Cir. 1913); Williams v. Hoyt, 117 Me. 61, 102 A. 703 (1917); De Marco v. Pease, 253 Mass. 499, 149 N.E. 208 (1925); Dostie

v. Lewiston Crushed Stone Co., 136 Me. 284, 8 A.2d 393 (1939); and Sharp's Adm'r v. Sharp's Adm'r, 284 S.W.2d 673 (Ct.App.Ky.1955).

2. In an excellent note in VIII Baylor Law Review at 376 (1956) Austin McCloud (now Chief Justice of the Court of Civil Appeals at Eastland) discusses the rationale of *Huntington* in denying survival of the cause of action expressly given by the Wrongful Death statutes.

death of her husband ceased to exist when she died.

Appellant's contention that the administratrix of the estate of Elsie Ione Lindsey may bring the suit on behalf of the other living statutory beneficiaries of Raymond Lindsey, deceased, is without merit and is overruled. Article 4675 provides that such action may be commenced only by the "surviving husband, wife, children, and parents of the person whose death has been caused," or by one of the above beneficiaries on behalf of all, or by the executor or administrator of the "deceased." This refers to the administrator or personal representative of Raymond Lindsey and not of his wife. Thus it is clear that the administratrix of Elsie Ione Lindsey has not been clothed with statutory authority to bring the Wrongful Death action for the benefit of the children of Raymond Lindsey. As to the funeral expenses sought to be recovered these are debts and obligations owing by the estate of Raymond Lindsey, deceased, and are not a part of the recovery under the Texas Wrongful Death statutes.

Concerning the intervenor American Automobile Insurance Company, it is evident that whatever rights it possesses by virtue of the subrogation provision of the Texas workmen's compensation law, same are derivative and dependent upon a cause of action existing in the party through whom it asserts its right of recoupment. Yeary v. Hinojosa, 307 S.W.2d 325 (Tex. Civ.App., Houston 1957); Pan American Ins. Co. v. Hi-Plains Haulers, Inc., 163 Tex. 1, 350 S.W.2d 644 (1961); and Capitol Aggregates, Inc. v. Great American Ins. Co., 408 S.W.2d 922 (Tex.Sup.1966). Since Elsie Ione Lindsey's rights to recovery have ceased to exist any derivative rights possessed by the insurance company have likewise died.

The judgment of the trial court is affirmed.