**Leona JOHNSON and Rosie Munks, Appellants,**

v.

**The CITY OF HOUSTON, Appellee.**

**No. C14–900–0930–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 1991.

Rehearing Overruled Aug. 8, 1991.

James J. Hippard, Jr., Houston, for appellants.

Barbara A. Bowman, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of the City of Houston. In their sole point of error appellants contend the trial court erred in granting summary judgment. We affirm.

This appeal arises from a lawsuit filed against the City of Houston by Irene Preston under the Texas Wrongful Death Act and Texas Survival Statute for the death of her husband, Alonzo Preston. Prior to trial, Irene Preston died and appellants, Mrs. Preston's sisters and heirs at law, were substituted as plaintiffs in the lawsuit. The City of Houston filed a motion for summary judgment, alleging that the lawsuit did not survive the death of Irene Preston. In their response to the motion for summary judgment appellants alleged that Irene Preston's death did not abate the cause of action but merely "put a limit on the time period from which the damages [could] be awarded pursuant to the Survival Statute." Specifically, appellants argued that Irene Preston's damages accrued on September 14, 1984, the date of Alonzo Preston's death and continued until her death on April 30, 1990. On June 25, 1990, the trial court granted the City of Houston's motion for summary judgment. Appellants filed a motion for new trial which was denied by the trial court. Appellants subsequently filed this appeal.

In their sole point of error appellants contend the trial court erred in granting appellee's motion for summary judgment because Irene Preston's death did not extinguish her damages under the wrongful death statute but merely provided an ending date for determining her damages. Appellee argues that Mrs. Preston was the exclusive statutory beneficiary of Alonzo Preston under the wrongful death statute

and, therefore, the derivative suit for damages arising out of Alonzo's death ceased to exist at the time of her death.

Summary judgment is proper where the movant establishes by competent summary judgment evidence that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). The nonmovant is entitled to have all reasonable inferences made and all doubts resolved in his favor. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792 (Tex.1987).

The wrongful death statute in effect at the time of Alonzo Preston's death provided a cause of action for actual damages for an injury causing the death of an individual in certain enumerated circumstances. *See* Acts 1975, 64th Leg., R.S., Ch. 530, 1975 Tex.Gen.Laws 1381, *repealed by* Act effective September 1, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex.Gen.Laws 3322 (formerly Tex.Rev.Civ.Stat.Ann. art. 4671). The wrongful death statute also provided that an action for damages arising from death shall be for the sole and exclusive benefit of the surviving spouse, children, and parents of the decedent. *See* Act of March 30, 1927, 40th Leg., ch. 239 § 2, 1927 Tex.Gen.Laws 356, *repealed by* Act effective September 1, 1985, 69th Leg., R.S., ch. 959 § 9(1), 1985 Tex.Gen.Laws 3322 (formerly Tex.Rev.Civ.Stat.Ann. art. 4675).

The legislature subsequently codified the provisions of the wrongful death act in the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 71.001, et seq. (Vernon 1986). The measure of recovery for wrongful death has nothing to do with the injuries sustained by the decedent, but is rather the monetary value of the benefit that the plaintiff reasonably expected to receive from the decedent had he not been killed. *Tarrant County Hospital District v. Jones*, 664 S.W.2d 191, 195 (Tex.App.—Fort Worth 1984, no writ); *Huntington v. Walker's Austex Chili Co.*, 285 S.W.2d 255, 257 (Tex. Civ.App.—Waco 1955, writ ref'd). This cause of action is conferred solely by virtue of the wrongful death statute and exists only for the sole and exclusive benefit of the beneficiaries named in the statute, specifically the surviving spouse, children, and parents of the deceased. *Carter v. Van Meter*, 495 S.W.2d 583, 586 (Tex.Civ.App.—Dallas 1973, writ dism'd); *Huntington*, 285 S.W.2d at 257. A cause of action for wrongful death ceases to exist upon the death of the named beneficiary. *Carter*, 495 S.W.2d at 586; *Huntington*, 285 S.W.2d at 257; *see also* Note, *Texas Wrongful Death Statute—Construction with the Survival Statute*, 8 Baylor Law Review 376, 381–82 (1956) (authored by Austin O. McCloud).

The Texas Survival Statute in effect at the time of Alonzo Preston's death provided that all causes of action for injuries resulting in death of the injured party shall not abate by reason of the death of the injured party, but shall survive to the heirs and legal representatives of the estate of the injured party. Act of March 30, 1927, 40th Leg., ch. 239 § 1, 1927 Tex. Gen. Laws 356, *repealed by* Act effective September 1, 1985, 69th Leg., R.S., ch. 959 § 9(1), 1985 Tex. Gen. Laws 3322 (formerly Tex. Rev. Civ. Stat. Ann. art. 5525).

The Texas Survival Statute has been codified in the Civil Practice and Remedies Code and provides:

(a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of the person liable for the injury.

(b) A personal injury action survives to and in favor of the heirs, legal representatives, and the estate of the injured person. The action survives against the liable person and the person's legal representatives.

(c) The suit may be instituted and prosecuted as if the liable person were alive. Tex.Civ.Prac. & Rem.Code Ann. § 71.021 (Vernon 1986) (emphasis added).

The survival statute allows the decedent's estate to recover damages for the personal injuries *which resulted in* the decedent's death. *Landers v. B.F. Good-*

**230**

*rich Co.,* 369 S.W.2d 33, 35 (Tex.1963); *Tarrant County Hospital District,* 664 S.W.2d at 195 (emphasis added).
The survival statute does not, however, preserve or cause to survive a cause of action for wrongful death. *Carter,* 495 S.W.2d at 586; *Huntington,* 285 S.W.2d at 258. Thus, contrary to appellant's assertion, the survival statute does not preserve the cause of action for Irene Preston's "personal injuries" for the wrongful death of Alonzo Preston.

■ The purpose of the wrongful death act was to insure that a cause of action was not lost merely because the injured party died prior to judgment. Further, the legislature bestowed the right to institute a lawsuit because of such wrongful death on a very limited group: the surviving spouse, children, or parents of the deceased injured party. Appellants insist they are not attempting to enlarge that group, but instead are seeking only to recover damages that had already accrued, i.e., damages that accrued from the date of Alonzo Preston's death to the date of Irene Preston's death. While we are sympathetic to the inequity caused by limiting the group of beneficiaries, and are fully aware of the purpose of the statute, we cannot legislate or decline to follow the prior decisions of the Texas Supreme Court.

Applying the foregoing law to the facts of the present case, it is clear that Irene Preston's cause of action for damages arising from the alleged wrongful death of Alonzo Preston ceased to exist when she died. We find the trial court properly granted appellee's summary judgment because no genuine issues of material fact existed and appellee proved that it was entitled to summary judgment as a matter of law. Accordingly, we overrule appellants' sole point of error and affirm the judgment of the trial court.