TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00120-CV






Stephen James Utts, M.D., Appellant



v.



Dennie Short, Individually and as Executor of the Estate of Clifton Short, Deceased;


Norma L. Short; Patricia Ann Cain; and Sam Short, Appellees







FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY,


NO. 63,688-A, HONORABLE GUY HERMAN, JUDGE PRESIDING







 This is an appeal from a medical malpractice case tried to the probate court. One
of the original plaintiffs, Dorothy Short Walker ("Walker"), (1) settled her claim with one of the
original defendants, HCA Health Services of Texas, Inc., d/b/a HCA South Austin Medical Center
("HCA"), for $200,000. The other plaintiffs, now appellees Norma L. Short, Dennie Short,
Patricia Ann Cain, Sam Short, and Estate of Clifton Short (collectively, "appellees"), settled their
claims with HCA for a nominal sum. After the settlements, Walker and appellees nonsuited their
claims against HCA. Walker also nonsuited her claims against the remaining defendant, appellant
Stephen James Utts, M.D. ("Dr. Utts"). Walker did not participate in this case at trial and was
not a party to the lawsuit at the time of the court's submission to the jury or final judgment and
therefore she is not one of the appellees. Dr. Utts and appellees proceeded to trial. The jury
returned a verdict awarding appellees damages, and the trial court rendered judgment on the
verdict. Dr. Utts appeals the trial court's decision not to credit Walker's $200,000 settlement
against the damages awarded to appellees. We will affirm. 


STATEMENT OF FACTS

 Appellees and Walker collectively filed a medical malpractice lawsuit against Dr.
Utts, HCA, and Jean-Pierre Forage, M.D., for damages arising out of the alleged wrongful death
of Clifton Short. Appellees and Walker nonsuited with prejudice their claims against Dr. Forage
early in the litigation, leaving Dr. Utts and HCA as defendants. On July 16, 1997, Walker and
HCA settled for $200,000. The Compromise Settlement Agreement and Release ("Walker
settlement") reflected the agreement between HCA and Walker that HCA pay $50,000 to Walker
and $150,000 to ShoreFeinberg, L.L.P., the firm representing Walker and appellees, in full and
final settlement of Walker's claims against HCA. On the same day the Walker settlement was
signed, Walker signed a document requesting the firm to distribute $10,000 to each appellee in
his or her individual capacity. Shortly thereafter, appellees individually settled with HCA for
$10.00 each. On July 25, appellees and Walker nonsuited with prejudice their claims against
HCA. On September 22, 1997, Walker nonsuited with prejudice her claims against the sole
remaining defendant, Dr. Utts. After Walker nonsuited Dr. Utts, she no longer participated in
the case. Before trial, Dr. Utts filed a written election for a $200,040 dollar-for-dollar settlement
credit, pursuant to sections 33.012(b)(1) and 33.014 of the Texas Civil Practice and Remedies
Code. (2) Appellees, as plaintiffs Norma Short, Dennie Short, Patricia Cain, Sam Short, and the
Estate of Clifton Short, filed an objection to Dr. Utts's election, arguing that they were the only
"claimants" currently involved in the case and that they received only $10.00 each in total
settlements from HCA; therefore, Dr. Utts was only entitled to a credit of $10.00 per plaintiff.
Dr. Utts did not file a response to appellees' objection.

 Appellees and Dr. Utts proceeded to trial. The jury found that the negligence of
Dr. Utts and HCA proximately caused appellees' damages, attributing 25% of the negligence to
Dr. Utts and 75% to HCA. (3) The jury awarded the Estate of Clifton Short $100,000, Norma Short
$300,000, and the three children, Dennie, Patricia, and Sam, $12,000 each. Appellees moved for
judgment on the verdict, allowing a credit of $10.00 per plaintiff. Dr. Utts filed a response to
appellees' motion, objecting to appellees' allowance of a $50.00 credit and requesting application
of a $200,000 credit instead. Dr. Utts asserted that he was entitled to the $200,000 credit because
appellees benefitted from Walker's settlement, and Walker's nonsuit of Dr. Utts was merely an
attempt to circumvent the application of the appropriate statutory settlement credit.

 Appellees responded by arguing that Walker was not a "claimant" as defined by
Chapter 33 of the Texas Civil Practice and Remedies Code; therefore, Dr. Utts was not entitled
to receive a credit for her $200,000 settlement. See Tex. Civ. Prac. & Rem. Code § 33.011(1)
(West 1997) (defining "claimant"). They also argued that the factual allegations and references
to documents in Dr. Utts's response to the motion for judgment were never offered into evidence
and therefore were untimely, not part of the record, and inadmissable hearsay. Appellees urged
that Dr. Utts should not be permitted to present the documents he referenced in his response
during the hearing on appellees' motion for judgment, because they were untimely and because
his allegations regarding the intent of the Walker settlement were not relevant to the application
of settlement credits. Dr. Utts filed a brief in support of his objection to appellees' motion for
judgment in which he argued that Walker was a "claimant" as defined by the statute; he also filed
a motion to reopen the evidence in the event the trial court determined that the evidence regarding
the details behind the settlement was untimely, and he asked the trial court to take judicial notice
of various pleadings and motions filed in the case.

 The trial court held a hearing on the motion for judgment. On December 12, 1997,
the trial court judge signed an order overruling Dr. Utts's objection to appellees' motion for
judgment, denying his motion to reopen the evidence, and granting his request that the trial court
take judicial notice of certain pleadings and motions. The judge also signed a final judgment in
appellees' favor in the amounts awarded each of them by the jury, less a $10.00 credit for their
settlements with HCA, plus prejudgment interest, stipulated costs, and court costs. Both of these
documents were sent to the parties' counsel, along with the trial court's letter explaining his
ruling. The letter reflected the judge's opinion that: (1) the statutory definition of "claimant"
requires that a claimant be a party seeking recovery, and since Walker was not a party to the
lawsuit at the time of the trial and verdict, the Walker settlement may not be credited against the
jury verdict; (2) even if the Walker settlement could be credited against the jury verdict, Dr. Utts
waived his right to the credit by not introducing evidence of the settlement prior to the verdict; and
(3) even if Dr. Utts could introduce evidence of the settlement after the verdict, the trial court
would sustain appellees' objections to most of Dr. Utts's evidence and find the evidence
inadmissible as hearsay and as unauthenticated. (4)

 After Dr. Utts's request for findings of fact and conclusions of law was denied, and
his motion to modify, correct, and/or reform the judgment and motion for remittitur, and/or
motion for new trial was overruled by operation of law, Dr. Utts timely perfected this appeal. He
presents three issues for review: (5) (1) whether a defendant meets his burden of proving a
settlement by introducing evidence in the record after a verdict is reached; (2) whether he is
statutorily entitled to the settlement credit for the Walker settlement or whether multiple claimants
in a lawsuit may structure a settlement to avoid the defendant's entitlement to credit; and (3)
whether a dollar-for-dollar credit for a lump-sum settlement with multiple claimants should be
subtracted from the total amount of damages awarded by the jury, rather than allocated based on
each claimant's percentage of the total victory.


DISCUSSION

 Dr. Utts argues in his first issue that his election of a dollar-for-dollar settlement
credit in the amount of $200,040, his response to appellees' motion for judgment, his brief
supporting his response, and the record of the hearing on the motion for judgment all establish the
amount of the Walker settlement; thus, he has met his burden to prove the amount of the Walker
settlement. See Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 927 (Tex. 1998) (defendant has
the burden to prove its right to a settlement credit; this burden includes proving the settlement
credit amount). We note that appellees do not dispute that there is sufficient evidence in the record
to establish the amount of the Walker settlement; rather, they contend that Dr. Utts did not present
evidence that proved his right to a credit for the Walker settlement. Because appellees concede
that there is evidence in the record regarding the amount of the settlement, we need not address
Dr. Utts's question regarding the point at which a defendant must present evidence of the amount
of a settlement.

 Dr. Utts's second issue centers on the interpretation of "claimant" as it is used in
Chapter 33 of the Texas Civil Practice and Remedies Code (the "Code"). See Tex. Civ. Prac. &
Rem. Code §§ 33.011(1), .012(b) (West 1997). Therefore, we will first turn our attention to the
statute itself.

 A "claimant" is defined by the Code as:


[A] party seeking recovery of damages pursuant to the provisions of Section
33.001, including a plaintiff, counterclaimant, cross-claimant, or third-party
plaintiff seeking recovery of damages. In an action in which a party seeks recovery
of damages for injury to another person, damage to the property of another person,
death of another person, or other harm to another person, "claimant" includes both
that other person and the party seeking recovery of damages pursuant to the
provisions of Section 33.001.



Id. § 33.011(1) (emphasis added). Code section 33.012(b) explains when a claimant's settlement
is available to the non-settling defendant as a credit:


If the claimant has settled with one or more persons, the court shall further reduce
the amount of damages to be recovered by the claimant with respect to a cause of
action by a credit equal to . . . 


(1) the sum of the dollar amount of all settlements; . . . .



Id. § 33.012(b)(1) (emphasis added).

 Dr. Utts argues that Texas law provides him the right to receive credit for the
Walker settlement once the settlement amount is proved because Walker was a "claimant" for
purposes of section 33.012(b)(1). Appellees have consistently argued that Dr. Utts is not entitled
to a settlement credit, despite evidence of the amount of the settlement, because Walker was not
a "claimant" in the lawsuit when the case went to trial. We believe that neither of these arguments
focuses on the real issue presented by Dr. Utts, which is whether the statute permits one claimant's
settlement to be used as a credit against a different claimant's recovery in a wrongful death cause
of action.

 We believe that Walker was a "claimant" under the statute because she sought
damages for the death of another person--her father. This finding, however, does not lead to the
conclusion that Dr. Utts automatically has a statutory right to apply Walker's settlement against
appellees' recovery. Because Walker, a claimant, settled for $200,000 with one defendant, HCA,
Dr. Utts's election of the section 33.012(b)(1) credit required the court to reduce the amount of
damages recovered against Dr. Utts by Walker by a credit equal to $200,000. Walker recovered
no damages against Dr. Utts. Indeed, Walker was no longer a party to the lawsuit at the time of
submission of the case to the jury and in the damages issue as submitted the jury was not asked
to find damages in favor of Walker.

 By urging us to apply a credit for the Walker settlement against the amounts
awarded to the appellees, Dr. Utts asks us to reach the conclusion that Walker and the appellees
are all one claimant. This interpretation of the Code has the potential to eliminate an individual
recovery for each wrongful death beneficiary, because where there are multiple beneficiaries, any
settlement with one beneficiary would eliminate a portion, or in some cases all, of the recovery
of any remaining non-settling beneficiaries.

 The goal of statutory construction is to give effect to the intent of the legislature. 
See Sorokolit v. Rhodes, 889 S.W.2d 239, 241 (Tex. 1994). If language in a statute is
unambiguous, this Court must seek the intent of the legislature as found in the plain and common
meaning of the words and terms used. See id. We believe section 33.012(b) is clear and
unambiguous in its use of the term "claimant." While section 33.012(b)(1) does say that the non-settling defendant is entitled to credit for all settlements, the statute makes explicitly clear that only
the settling claimant's damages shall be reduced by the amount of that claimant's settlement. See
Tex. Civ. Prac. & Rem. Code § 33.012(b) (West 1997). There is nothing in the statute to suggest
that all wrongful death beneficiaries are to be treated as one claimant so that any settlement by any
single beneficiary against any single liable party will be credited against the recovery of all other
beneficiaries against all other liable parties. If the legislature intended this result, it could have
stated that intent through the language of the statute.

 Dr. Utts urges that interpreting all wrongful death beneficiaries to be one
"claimant" under section 33.012(b) is consistent with the reasoning in Abrams v. McIver, 966
S.W.2d 87 (Tex. App.--Houston [1st Dist] 1998, pet. denied). In Abrams, McIver filed suit
against several defendants both in her individual capacity and as the guardian of her daughter, Lori
Crane, who was physically and mentally incapacitated as a result of a car accident. Three
defendants settled before trial; the trial court allocated a portion of two of those settlements to
McIver and the remainder to Crane. See id. at 96. The jury awarded Crane damages against the
non-settling defendants, Abrams and Quinlan, who were adjudged jointly and severally liable. See
id. The trial court credited Crane's settlements against the damage award and Abrams appealed, (6)
seeking a dollar-for-dollar settlement credit for both Crane's and McIver's settlements. The court
of appeals held that the trial court should have granted Abrams settlement credits for the full
amount of both Crane's and McIver's settlements. See id.

 We believe Abrams is factually distinguishable. First, McIver was named as a
plaintiff throughout the lawsuit. In our case, Walker nonsuited with prejudice Dr. Utts well before
the first day of trial. More importantly, it does not appear that McIver made any individual claims
for damages, such as loss of companionship. (7) Even though the trial court awarded McIver a
portion of the settlements in her individual capacity, the settlement amounts were based solely on
Crane's personal injury, not an injury suffered by McIver; therefore, the court of appeals
determined that McIver and Crane were a single claimant. In the case before this Court, each
individual wrongful death beneficiary asserted separate and distinct claims for damages based upon
tangible contributions they each would have received from the deceased, and intangible damages,
such as mental anguish and loss of companionship, that each individual would experience. See
Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (West 1997) (listing surviving spouse, parents, and
children as statutory beneficiaries in wrongful death cause of action); Moore v. Lillebo, 722
S.W.2d 683, 687-88 (Tex. 1986) (explaining the damages each wrongful death beneficiary is
entitled to seek, such as pecuniary loss, loss of inheritance, mental anguish, and loss of society
and companionship); Johnson v. City of Houston, 813 S.W.2d 227, 229-30 (Tex. App.--Houston
[14th Dist.] 1991, writ denied) (explaining that damages available to a wrongful death beneficiary
are personal to that beneficiary). Because each wrongful death beneficiary has an individual,
personal injury, we hold that the settlement of one claimant cannot be applied against the recovery
of a different claimant.

 Dr. Utts argues in the alternative that the manner in which Walker distributed her
settlement money entitles him to a credit because the settlement benefitted appellees. He alleges
that Walker's distribution of her settlement resulted in a settlement with appellees because the
distribution was "value paid" in consideration of HCA's potential liability. See C & H
Nationwide, Inc. v. Thompson, 903 S.W.2d 315, 320 (Tex. 1994) (the term "'settlement,' as used
in Comparative Responsibility Law, means money or anything of value paid or promised to a
claimant in consideration of potential liability."). The settlement agreement itself, however, was
strictly between HCA and Walker; therefore, the only person to whom value was paid in
consideration of HCA's potential liability was Walker. Dr. Utts points out that appellees' counsel
explained during the hearing on the motion for judgment that $150,000 of Walker's settlement was
paid for attorney's fees and costs and $40,000 was distributed to appellees. The fact that Walker
distributed her money to the appellees does not give Dr. Utts a right to credit for the Walker
settlement because Walker was free to distribute her settlement money in any manner she chose. 
We cannot look to the subsequent distribution of proceeds of a settlement to justify disregarding
the unambiguous language of section 33.012(b) and give Dr. Utts a right to a settlement credit
where one does not exist.

 Dr. Utts urges this Court to characterize the structure of the Walker settlement as
a sham because Walker and appellees manipulated the statute to circumvent his statutory right to
a settlement credit. We note that Dr. Utts did not attempt to present evidence to the trial court to
support his allegation that the settlement was a sham until after the jury returned its verdict. The
agreement between Walker and HCA is in the record, but it is simply a contract; it is not evidence
of a sham. The statements of appellees' counsel, explaining that Walker gave $10,000 to each
appellee, does not lead to the conclusion that the Walker settlement was a sham. Although Dr.
Utts may have attempted to present evidence that the settlement was a sham after the verdict in a
motion to reopen the evidence, (8) it was within the trial court's discretion to deny the motion. See
In re A.F., 895 S.W.2d 481, 484 (Tex. App.--Austin 1995, no writ) (decision to grant or deny
a motion to reopen is within the sound discretion of the trial court). Because Dr. Utts was aware
of the distribution of the Walker settlement well before the case was submitted to the jury, the trial
court could have determined that he did not demonstrate due diligence in offering evidence that
appellees benefitted from Walker's settlement. See id. (one of the elements the trial court
considers in determining whether to grant a motion to reopen is whether the moving party showed
due diligence in obtaining the evidence). Dr. Utts argues that a motion in limine prevented him
from presenting evidence regarding the Walker settlement to the jury; however, nothing prevented
Dr. Utts from presenting evidence to the trial court, outside the presence of the jury, to support
his allegation that the settlement was a sham.

 Furthermore, Dr. Utts took no countermeasures to protect himself from the
potentially adverse consequences of a settlement between HCA and Walker. For example, he
made no attempt to keep Walker in the lawsuit for purposes of jury submission, he made no
request that the trial court structure the jury submission in such a way that a claim of fraud or
sham could be established, and he did nothing to preserve a potential claim for contribution against
the settling defendant, HCA. Finally, although Dr. Utts did not receive a credit for the Walker
settlement, he did receive a benefit from Walker's settlement because Walker nonsuited Dr. Utts
and did not recover any damages from him.

 Therefore, in response to Dr. Utts's second issue, in which he asserts his statutory
right to credit for the Walker settlement, or in the alternative argues that he is entitled to credit
because the structure of the settlement benefitted appellees or was a sham to circumvent the
statute, we hold that the trial court did not err in refusing to apply the $200,000 Walker settlement
against appellees' recovery.

 Dr. Utts argues in his third issue that a dollar-for-dollar credit for a lump-sum
settlement with multiple claimants should be subtracted from the total amount of damages awarded
by the jury. His argument focuses not on the individual settlements of each appellee but on the
application of the $200,000 Walker settlement. We have already held that Dr. Utts is not entitled
to credit for the $200,00 Walker settlement. Therefore, we decline to address Dr. Utts's third
issue, regarding the allocation of a lump-sum settlement, because there is no lump-sum settlement
at issue in this case.


Conclusion

 For the reasons we have explained above, we decline to address Dr. Utts's first and
third issues. Regarding Dr. Utts's second issue, we hold that although Walker was a claimant
under the Code, a defendant is not entitled to receive credit for one claimant's settlement against
the recovery of a different claimant in a wrongful death case. The judgment of the trial court is
therefore affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 4, 1999

Publish





* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Walker is referred to throughout the record as "Dorothy Short," "Dorothy Walker Short,"
and "Dorothy Short Walker"; both appellant and appellees note in their appellate briefs that her
correct name is "Dorothy Short Walker."
2. Section 33.012(b)(1) states that if the claimant has settled with one or more persons, the
court is required to "reduce the amount of damages to be recovered by the claimant with respect
to a cause of action by a credit equal to . . . the sum of the dollar amounts of all settlements." 
Tex. Civ. Prac. & Rem. Code § 33.012(b)(1) (West 1997). The dollar-for-dollar credit applies
only if the nonsettling defendant elects this credit; otherwise, the credit will be a dollar amount
equal to a percentage of the damages. See id. §§ 33.012(b)(2), .014 (West 1997). 
3. This cause of action accrued and was filed prior to September 1, 1995. At that time, section
33.013 stated that a defendant was jointly and severally liable for the entire judgment if his
percentage of responsibility was greater than 20%; therefore, Dr. Utts is jointly and severally
liable for this judgment. Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, §2.09, 1987 Gen. Laws
37, 42 (Tex. Civ. Prac. & Rem. Code § 33.013(b)(1), since amended).
4. Because the trial court sustained appellees' objections to Dr. Utts's exhibits in a letter
ruling, Dr. Utts filed a bill of exceptions for each of the exhibits on March 5, 1998. On March
9, 1998, the trial court judge signed an order clarifying which documents were judicially noticed
and sustaining appellees' objections to the rest of Dr. Utts's exhibits. Dr. Utts did not object to
nor appeal the evidentiary ruling; therefore, the evidence is not part of the record before us and
we will not consider whether the evidence should have been admitted.
5. For clarity, we treat separately the two sub-issues Dr. Utts presents as his first issue in his
appellate brief. 
6. Adams and Quinlan entered a Rule 11 agreement whereby Abrams agreed to pay the
judgment if a joint and several judgment was rendered; only Abrams appealed the judgment. See
Abrams, 966 S.W.2d at 90.
7. The Abrams opinion discusses only Crane's negligence cause of action and her recovery--it
does not refer to any claim, such as loss of companionship, that might have been individually
asserted by McIver. See Enochs v. Brown, 872 S.W.2d 312, 322 (Tex. App.--Austin 1994, no
writ) (recognizing a parent's claim for loss of companionship for a devastating injury to a child). 
We note that McIver could not assert a claim for mental anguish because she did not witness the
accident that caused Crane's injuries. See Reagan v. Vaughn, 804 S.W.2d 463, 467 (Tex. 1990)
(stating that a claim for mental anguish that is not based on the wrongful death statute requires that
the plaintiff prove that he or she was located at or near the scene of the accident, and that the
mental anguish resulted from a direct emotional impact upon the plaintiff from the sensory and
contemporaneous observance of the incident).
8. We note that the section of Dr. Utts's appellate brief regarding the motion to reopen argues
only that he should have been allowed to present evidence of the settlement amount, not that he
should have been allowed to present evidence that the settlement was a sham. 



at issue in this case.


Conclusion

 For the reasons we have explained above, we decline to address Dr. Utts's first and
third issues. Regarding Dr. Utts's second issue, we hold that although Walker was a claimant
under the Code, a defendant is not entitled to receive credit for one claimant's settlement against
the