**Clay COFFEY and Gerald Cozart, Appellants,**

v.

**Joan JOHNSON, as Successor Independent Executrix of the Estate of William Euell Poyner and as Independent Executrix of the Estate of Elnor Maxine Poyner, Appellee.**

No. 11–03–00185–CV.

Court of Appeals of Texas, Eastland.

June 17, 2004.

David Townsend, Byrne, Townsend, Mead & Smitherman, Joseph E. Byrne, Byrne, Mead & Smitherman, Robert Fugate, Thomas P. Brandt, Stephen D. Hen-

ninger, Fanning Harper & Martinson, Dallas, for appellant.

Richard D. Coan, James J. Elliott, M. Alan Nash, Coan & Elliott, Garry Lewellen, McMillan & Lewellen, Stephenville, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

In 1998, William Euell Poyner was killed in an armed encounter with law enforcement officers. Elnor Maxine Poyner (Poyner), as independent executrix, filed suit alleging violations of civil rights pursuant to 42 U.S.C. § 1983 for the alleged use of excessive force against her husband in violation of the Fourth and Fourteenth Amendments to the United States Constitution. As the surviving spouse, Poyner also included claims under the Wrongful Death Act, TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 et seq. (Vernon 1997 & Supp.2004).

The original defendants, Eastland County, Eastland County Cooperative Dispatch, Eastland County Sheriff Wayne Bradford, Eastland County Deputy Sheriff Clay Coffey, City of Gorman Chief of Police Ken Wheeler, and City of Gorman Reserve Officer Gerald Cozart, moved for summary judgment and asserted various immunity claims. Eastland County, the City of Gorman, and Eastland County Cooperative Dispatch each filed pleas to the jurisdiction claiming governmental immunity. The trial court denied the motions and pleas to the jurisdiction, and the defendants filed an interlocutory appeal. In *Eastland*

*County Cooperative Dispatch v. Poyner,* 64 S.W.3d 182 (Tex.App.-Eastland 2001, pet'n den'd), which has a detailed recitation of the facts, this court (1) affirmed the trial court's judgment denying official immunity to the individual claims against Deputy Coffey and Officer Cozart; (2) reversed the trial court's judgment denying the motions for summary judgment that were based on qualified immunity or on official immunity for Sheriff Bradford and Chief Wheeler; and (3) reversed the trial court's judgment denying the three pleas to the jurisdiction and dismissed the claims against Eastland County, the City of Gorman, and Eastland County Cooperative Dispatch because Poyner's claims were not within the Texas Tort Claims Act's[1] limited waiver of governmental immunity. Thus, Poyner's only remaining claims were her claims against Deputy Coffey and Officer Cozart.

Upon Poyner's death, Joan Johnson, as independent executrix of both Mr. Poyner and Mrs. Poyner, was substituted as plaintiff. TEX.R.CIV.P. 151. After remand to the trial court, Deputy Coffey and Officer Cozart filed motions for summary judgment asserting two separate jurisdictional grounds for dismissal of Poyner's remaining claims: (1) that Poyner's wrongful death claims did not survive her own death and that no other person has standing to bring those claims and (2) that former Section 101.106 of the Texas Torts Claims Act[2] barred the remaining claims against Deputy Coffey and Officer Cozart because *Eastland County Cooperative Dispatch v. Poyner, supra,* held that their governmental employers were entitled to governmen-

---

1. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et seq. (Vernon 1997 & Pamph. Supp.2004).

2. This section was rewritten by Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 11.05 effective on September 1, 2003, and applies to actions filed on or after the effective date. Section 101.106 as enacted in 1985 is the applicable version to this case.

tal immunity against Poyner's claims that were based on acts or omissions of Deputy Coffey and Officer Cozart. The trial court denied their motions for summary judgment, and they filed this interlocutory appeal.

■■■ Their first issue challenges the standing of appellee to continue this suit. Because there is no common-law right in Texas to recover for the wrongful death of another, *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 186 (Tex.1968), the Texas Legislature passed the Texas Wrongful Death Act. Section 71.001. The Wrongful Death Act created a statutory cause of action, but limited it to actions on behalf of the surviving spouse, children, and parents of the decedent. Section 71.004. The right conferred by the Act is considered to be personal, and it does not survive the death of a beneficiary. *Johnson v. City of Houston,* 813 S.W.2d 227, 229–30 (Tex.App.-Houston [14th Dist.] 1991, writ den'd); *Carter v. Van Meter,* 495 S.W.2d 583, 586–87 (Tex.Civ.App.-Dallas 1973, writ dism'd); *Huntington v. Walker's Austex Chili Co.,* 285 S.W.2d 255 (Tex.Civ.App.-Waco 1955, writ ref'd). Poyner, the decedent's wife, was the only beneficiary who qualified under Section 71.004. Poyner's wrongful death claims did not survive her death. Appellee, as Poyner's executrix, has no standing to pursue Poyner's wrongful death claims.

■■■ Appellee argues that, as Poyner's executrix, she has standing under the Texas Survival Act. TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (Vernon 1997). In contrast to the Wrongful Death Act, the Survival Act does not create a new cause of action. *Kramer v. Lewisville Memorial Hospital,* 858 S.W.2d 397, 404 (Tex.1993). The Survival Act is simply a mechanism to prevent a common-law cause of action for damages sustained by the decedent from being abated because of the death of the victim or of the tortfeasor. *See Russell v. Ingersoll–Rand Company,* 841 S.W.2d 343, 345 (Tex.1992). To recover damages sustained by the decedent, appellee had to plead (1) the elements of the decedent's cause of action and (2) the elements of the survival mechanism under the Survival Statute.

■■■ TEX.R.CIV.P. 45 requires that a petition give fair notice of the plaintiff's claims. The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant. *City of Houston v. Howard,* 786 S.W.2d 391, 393 (Tex.App.-Houston [14th Dist.] 1990, writ den'd). A court must be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty the elements of a cause of action and the relief sought with sufficient particularity upon which a judgment may be based. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). Appellee's petition is entitled "Plaintiff's Third Amended Petition for Wrongful Death." Section I of the petition states that "[t]his Cause was initiated by Elnor Maxine Poyner who was the beneficiary entitled to bring this action pursuant to Section 71.00, *et seq.* of the Texas Civil Practice & Remedies Codes." The petition fails to adequately set forth the elements of a cause of action for damages sustained by the decedent or the elements required under the Survival Act. Appellee's petition was limited to Poyner's wrongful death claims. Therefore, appellee does not have standing to continue the suit.

■■■ Even if appellee had standing, Deputy Coffey and Officer Cozart were entitled to derivative immunity under former TEX. CIV. PRAC. & REM. CODE § 101.106 (1977), which provided:

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim. In *Harris County v. Sykes,* 136 S.W.3d 635 (Tex.2004), the court held: (1) that a trial court's order granting a governmental unit's plea to the jurisdiction should dismiss the suit with prejudice when the claimant has failed to state a claim that is cognizable under the Texas Tort Claims Act and (2) that such a dismissal is a "judgment" under Section 101.106 of the Texas Tort Claims Act. Deputy Coffey and Officer Cozart were employees of Eastland County and the City of Gorman. Our holding in *Eastland County Cooperative Dispatch v. Poyner, supra*-that the trial court should have granted the pleas to the jurisdiction of Eastland County and of the City of Gorman because Poyner's claims against them were not cognizable under the Texas Tort Claims Act—conferred derivative immunity on Deputy Coffey and Officer Cozart against all of Poyner's claims. *See Harris County v. Sykes, supra.* The claims against Deputy Coffey and Officer Cozart are barred. The trial court erred in denying their motions for summary judgment. The issues on appeal are sustained.

### This Court's Ruling

The judgment of the trial court is reversed. Judgment is rendered granting the motions for summary judgment filed by Deputy Coffey and Officer Cozart. Appellee's suit is dismissed.