11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Clay
Coffey and Gerald Cozart

Appellants

Vs.                   No. 11-03-00185-CV B
Appeal from Eastland County

Joan Johnson, as
Successor Independent 

Executrix of the Estate
of William Euell 

Poyner and as
Independent Executrix of the 

Estate of Elnor Maxine
Poyner

 

Appellee

 

In 1998, William Euell Poyner was killed in an
armed encounter with law enforcement officers. 
Elnor Maxine Poyner (Poyner), as independent executrix, filed suit
alleging violations of civil rights pursuant to 42 U.S.C. ' 1983 for the alleged use of excessive
force against her husband in violation of the Fourth and Fourteenth Amendments
to the United States Constitution.  As
the surviving spouse, Poyner also included claims under the Wrongful Death Act,
TEX. CIV. PRAC. & REM. CODE ANN. '
71.001 et seq. (Vernon 1997 & Supp. 2004).








            The original defendants, Eastland
County, Eastland County Cooperative Dispatch, Eastland County Sheriff Wayne
Bradford, Eastland County Deputy Sheriff Clay Coffey, City of Gorman Chief of
Police Ken Wheeler, and City of Gorman Reserve Officer Gerald Cozart, moved for
summary judgment and asserted various immunity claims.  Eastland County, the City of Gorman, and
Eastland County Cooperative Dispatch each filed pleas to the jurisdiction
claiming governmental immunity.  The
trial court denied the motions and pleas to the jurisdiction, and the
defendants filed an interlocutory appeal. In Eastland County Cooperative
Dispatch v. Poyner, 64 S.W.3d 182 (Tex.App. B
Eastland 2001, pet=n den=d), which has a detailed recitation of
the facts, this court (1) affirmed the trial court=s
judgment denying official immunity to the individual claims against Deputy
Coffey and Officer Cozart; (2) reversed the trial court=s
judgment denying the motions for summary judgment that were based on qualified
immunity or on official immunity for Sheriff Bradford and Chief Wheeler; and
(3) reversed the trial court=s
judgment denying the three pleas to the jurisdiction and dismissed the claims
against Eastland County, the City of Gorman, and Eastland County Cooperative
Dispatch because Poyner=s
claims were not within the Texas Tort Claims Act=s[1]
limited waiver of governmental immunity. 
Thus, Poyner=s only
remaining claims were her claims against Deputy Coffey and Officer Cozart.  

Upon Poyner=s
death, Joan Johnson, as independent executrix of both Mr. Poyner and Mrs.
Poyner, was substituted as plaintiff. 
TEX.R.CIV.P. 151.  After remand to
the trial court, Deputy Coffey and Officer Cozart filed motions for summary
judgment asserting two separate jurisdictional grounds for dismissal of Poyner=s remaining claims: (1) that Poyner=s wrongful death claims did not survive
her own death and that no other person has standing to bring those claims and
(2) that former Section 101.106 of the Texas Torts Claims Act[2]
barred the remaining claims against Deputy Coffey and Officer Cozart because Eastland
County Cooperative Dispatch v. Poyner, supra, held that their governmental
employers were entitled to governmental 
immunity against Poyner=s
claims that were based on acts or omissions of Deputy Coffey and Officer
Cozart.  The trial court denied their
motions for summary judgment, and they filed this interlocutory appeal.  

Their first issue challenges the standing of
appellee to continue this suit.  Because
there is no common-law right in Texas to recover for the wrongful death of
another, Marmon v. Mustang Aviation,  Inc., 430 S.W.2d 182, 186 (Tex.1968), the
Texas Legislature passed the Texas Wrongful Death Act.  Section 71.001.  The Wrongful Death Act created a statutory
cause of action, but limited it to actions on behalf of the surviving spouse,
children, and parents of the decedent. 
Section 71.004.  The right
conferred by the Act is considered to be personal, and it does not survive the
death of a beneficiary.  Johnson v.
City of Houston, 813 S.W.2d 227, 229-30 (Tex.App. B
Houston [14th Dist.] 1991, writ den=d);
Carter v. Van Meter, 495 S.W.2d 583, 586-87 (Tex.Civ.App. B Dallas 1973, writ dism=d); Huntington v. Walker=s Austex Chili Co., 285 S.W.2d 255
(Tex.Civ.App. B Waco
1955, writ ref=d).  Poyner, the decedent=s
wife, was the only beneficiary who qualified under Section 71.004.  Poyner=s
wrongful death claims did not survive her death.  Appellee, as Poyner=s
executrix, has no standing to pursue Poyner=s
wrongful death claims.








Appellee argues that, as Poyner=s executrix, she has standing under the
Texas Survival Act.  TEX. CIV. PRAC.
& REM. CODE ANN. '
71.021 (Vernon 1997).  In contrast to the
Wrongful Death Act, the Survival Act does not create a new cause of
action.  Kramer v. Lewisville Memorial
Hospital, 858 S.W.2d 397, 404 (Tex.1993). 
The Survival Act is simply a mechanism to prevent a common-law cause of
action for damages sustained by the decedent from being abated because of the
death of the victim or of the tortfeasor. 
See Russell v. Ingersoll-Rand Company, 841 S.W.2d 343, 345
(Tex.1992).  To recover damages sustained
by the decedent, appellee had to plead (1) the elements of the decedent=s cause of action and (2) the elements
of the survival mechanism under the Survival Statute.  

TEX.R.CIV.P. 45 requires that a petition give fair
notice of the plaintiff=s
claims.  The test of fair notice is
whether an opposing attorney of reasonable competence, with the pleadings
before him, can determine the nature of the controversy and the testimony that
would probably be relevant.  City of
Houston v. Howard, 786 S.W.2d 391, 393 (Tex.App. B
Houston [14th Dist.] 1990, writ den=d).  A court must be able, from an examination of
the plaintiff=s
pleadings alone, to ascertain with reasonable certainty the elements of a cause
of action and the relief sought with sufficient particularity upon which a
judgment may be based.  Stoner v.
Thompson, 578 S.W.2d 679, 683 (Tex.1979). 
Appellee=s
petition is entitled APlaintiff=s Third Amended Petition for Wrongful
Death.@  Section I of the petition states that A[t]his Cause was initiated by Elnor
Maxine Poyner who was the beneficiary entitled to bring this action pursuant to
Section 71.00, et seq. of the Texas Civil Practice & Remedies
Codes.@  The petition fails to adequately set forth
the elements of a cause of action for damages sustained by the decedent or the
elements required under the Survival Act. 
Appellee=s
petition was limited to Poyner=s
wrongful death claims.  Therefore,
appellee does not have standing to continue the suit.

Even if appellee had standing, Deputy Coffey and
Officer Cozart were entitled to derivative immunity under former TEX. CIV.
PRAC. & REM. CODE '
101.106 (1977), which provided:

A judgment in an action or a settlement of a claim
under this chapter bars any action involving the same subject matter by the
claimant against the employee of the governmental unit whose act or omission
gave rise to the claim.  

 








In Harris County v. Sykes, ___ S.W.3d ___, 2004 WL 1194127
(No. 02-1014, Tex., May 28, 2004), the court held:   (1) that a trial court=s order granting a governmental unit=s plea to the jurisdiction should
dismiss the suit with prejudice when the claimant has failed to state a claim
that is cognizable under the Texas Tort Claims Act and (2) that such a
dismissal is a Ajudgment@ under Section 101.106 of the Texas
Tort Claims Act.  Deputy Coffey and
Officer Cozart were employees of Eastland County and the City of Gorman. Our
holding in Eastland County Cooperative Dispatch v. Poyner, supra B 
that the trial court should have granted the pleas to the jurisdiction
of Eastland County and of the City of Gorman because Poyner=s claims against them were not
cognizable under the Texas Tort Claims Act B  conferred derivative immunity on Deputy
Coffey and Officer Cozart against all of Poyner=s
claims.  See Harris County v. Sykes,
supra.  The claims against Deputy
Coffey and Officer Cozart are barred. 
The trial court erred in denying their motions for summary
judgment.  The issues on appeal are
sustained.

                                                                This
Court=s Ruling

The judgment of the trial court is reversed.  Judgment is rendered granting the motions for
summary judgment filed by Deputy Coffey and Officer Cozart.  Appellee=s
suit is dismissed.

 

TERRY McCALL

JUSTICE

 

June 17, 2004

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]TEX. CIV. PRAC. & REM. CODE ANN. ' 101.001 et seq. (Vernon 1997 & Pamph. Supp.
2004).





[2]This section was rewritten by Act of June 11, 2003,
78th Leg., R.S., ch. 204, ' 11.05 effective on September 1, 2003, and applies to
actions filed on or after the effective date. 
Section 101.106 as enacted in 1985 is the applicable version to this
case.